FLANSON REALTY CORPORATION, Appellant, *v.* WORKERS' UNITY HOUSE, INC., Respondent.

First Department, April 11, 1930.

*Philip Wittenberg* of counsel [*Louis B. Boudin* with him on the brief; *Oberman & Buitenkant*, attorneys], for the appellant.

*Emil Schlesinger*, for the respondent.

O'MALLEY, J. The order appealed from is the result of a motion to vacate a judgment, an execution issued thereon, and to compel plaintiff to make restitution of property which it received by virtue of the sale under execution. Originally the motion was denied. On appeal we reversed and ordered an official referee to take testimony and report (*Flanson Realty Corp. v. Workers' Unity House, Inc.*, 224 App. Div. 587).

The principal issue related to the validity of service of process. The attorney for the moving parties originally appeared specially,

but asserted the right to represent the defendant. His position was predicated upon the claim that Joseph Rabinow and Max Bluestein were the president and secretary, respectively, of the defendant, and that an affidavit alleging service of the summons upon the president of the defendant was false for the reason that Rabinow was not served. The motion appears to have been opposed, not by the plaintiff, but by those who asserted the right to represent the defendant. Abraham Lupin, who claimed to be president of the defendant, admitted due service upon him, and claimed, therefore, that the moving parties were without authority to act on behalf of the defendant and had no standing in court. In disposing of the appeal Mr. Justice PROSKAUER, after referring to the claim that Rabinow and not Lupin was president of the defendant, said: " The facts are sharply contested and the record is replete with charge and counter-charge of fraud and conspiracy to secure control of what were in effect the assets of a labor union. We find it impossible to make a satisfactory final determination of the facts upon the affidavits contained in this record and we think the ends of justice will be best served by reversing this order, without costs, remitting the motion to Special Term, with a direction to appoint an official referee to take testimony upon the disputed questions of fact."

The referee has found that Lupin, and not Rabinow, was president of the defendant when process was served. In our view the evidence sustains this conclusion. Jurisdiction of the defendant was, therefore, obtained and a vacatur may not be based upon this ground.

But there are other grounds which fully justify the order made. Grave irregularities, hereafter to be referred to, attended the entry of the judgment. These are conceded, and it is likewise conceded that the defendant was instrumental in having the action instituted. Its purpose is sought to be justified upon the ground that plaintiff's claim was just and that another unjust claim was being asserted against the defendant. The latter, however, has been reduced to judgment after a hearing full and complete before a jury in the Supreme Court, where the defendant was represented by the same counsel who seek to justify their acts in respect to the judgment here involved. A claim that has withstood such a test may not, at this time, at least, be regarded as unjust or without some merit to sustain it.

Concededly, too, the judgment here attacked was not only for the purpose of giving priority to the plaintiff's claim, but to give preference to it over all other creditors. An outline of the salient facts will suffice for the purpose of our decision.

The defendant Workers' Unity House, Inc., is a domestic corporation. · It was organized by the Dressmakers' Union of Greater New York, Local No. 22, for the purpose of holding record title to a building 16 West Twenty-first street, used as headquarters of the local. This union is affiliated with the International Ladies Garment Workers Union, a national body, which in turn is affiliated with the American Federation of Labor.

The stock of the defendant was originally issued to members of Local No. 22, which held it in a representative capacity on behalf of the entire membership of the union. Concededly, the holders of the stock paid no consideration and have no financial interest therein.

It is asserted by the moving parties that in the summer of 1926 the defendant became indebted in the sum of $28,000 to the International Union Bank on account of moneys advanced to the defendant and its parent organization, Local 22, in connection with a general strike in the cloak industry carried on at that time; that as collateral to the loan the entire stock of the defendant was pledged with one Umhey, as trustee for the bank. Defendant's failure to pay the loan resulted in an action by the bank to collect the indebtedness and a judgment in the sum of $29,818.44 was entered May 17, 1928. This is the judgment already referred to as having its source in an unjust claim. The effect of this judgment and execution would no doubt have been the sale of the defendant's property and, indirectly, the ejectment of those now in control of it.

It was to forestall this result that the action here involved was brought. It is predicated upon an alleged indebtedness of $20,000 owing by the defendant to Local No. 22, and assigned by the latter, first to Louis B. Boudin, an attorney, and by him to the plaintiff. The consideration for the assignment is claimed to be legal services rendered and to be rendered by Boudin. Concededly the plaintiff holds the claim for Boudin's interest.

The moving parties assert that no indebtedness was owing by the defendant to Local No. 22, and that no consideration passed for the assignment; that the action was the result of conspiracy between the real party in interest and those in control of the defendant and that the judgment is collusive and fraudulent.

That there were grave irregularities in its entry is conceded. The summons dated and served August 15, 1927, was unaccompanied by a complaint and contained no notice of the object of the action or the amount demanded in the event of the defendant's default. The complaint which was served November 9, 1927, some sixty-nine days subsequent to the service of the summons and one day before entry of judgment, was verified, not by any

officer of the plaintiff corporation, but by one Mary Flanson, a sister of Boudin, the general attorney for the defendant. The judgment was entered upon this complaint thus verified without inquest and without any testimony of any officer or other person on behalf of the plaintiff. The referee has found that there was nothing to show that the defendant did not have a meritorious defense and that no meeting of the directors of the defendant authorizing its officers to allow judgment to be taken by default was held. In addition to the finding that the action was begun to give preference to Boudin for services rendered and to be rendered, it was also found that neither the assignment to Boudin, nor his assignment to the corporation, was offered in evidence. There is a further finding that the property sold under execution was bid in by the plaintiff.

Upon the hearing before the referee, the defendant was represented by the attorney Boudin and all witnesses called in opposition to the motion were officers or representatives of the defendant. No witness on behalf of the plaintiff corporation appears to have testified.

While, as already noted, the moving parties failed in their attempt to show a reorganization of the defendant in December, 1926, which would entitle Rabinow and Bluestein to represent the defendant, we are of opinion that in the circumstances here disclosed, they and those whom they represent have shown sufficient interest in the subject of the litigation to entitle them to appear herein and contest the claim asserted against the corporation. They claim to be stockholders in the defendant and to be entitled to be heard as such. Likewise they assert membership in Local No. 22, which is, as they claim, the equitable owner of the assets of the defendant.

Without at this time passing upon the exact status of the moving parties in the defendant or its alleged parent body, Local No. 22, and leaving open such questions for the determination of the trial justice upon all the pleadings and after a full adducement of the facts, we are of opinion that the furtherance of justice requires an order permitting their intervention in the litigation. The case is within the principle of our decision in *Manahan* v. *Petroleum Producing & Refining Co.* (198 App. Div. 192). There the president of the defendant corporation in collusion with the plaintiff fraudulently confessed judgment on an unfounded claim. One of the stockholders of the defendant, not a party to the action, moved to vacate the judgment and for leave to defend. In answer to the claim that the petitioner was not a party and, therefore, without right to intervene, it was said: " The plaintiff takes the

position that the appellant, not being a party to the action, has no right to move to vacate the judgment. It is true that as a general rule none but parties to an action will be recognized as having any standing in court in relation to it; but this rule will yield where the process of the court is being abused.

" ' The general power of the Supreme Court to vacate, set aside, or modify even its final orders or judgments for sufficient reason and in the interests of substantial justice is well recognized, is not dependent upon any express statutory provision giving it that power, but is a power inherent in the court itself. The statement defining and recognizing this power most frequently adopted by the courts is found in the case of *Matter of City of Buffalo* (78 N. Y. 370). The court says: " Courts have always control over their own proceedings, and where there is not express prohibition, may deal with them so that what is right and just may be reached." Many instances of the exercise of this power are found in the reported cases. It is true that in many of these cases there appeared either fraud, excusable mistake, irregularity or inadvertence. But the court is never limited in its action in setting aside or modifying its orders, decrees or judgments to any one or all of these occasions for its exercise; but if it appears that substantial justice will be subserved, and injustice to persons, even though they be not in form parties to the proceeding, whose rights would otherwise be injuriously affected by the judgment, prevented, the court will set aside, correct or modify its judgment.' (*Matter of Automatic Chain Co.*, 134 App. Div. 863, 866; affd., 198 N. Y. 618.)

" The Court of Appeals has also said: ' The whole power of the court to relieve from judgments taken through " mistake, inadvertence, surprise or excusable neglect," is not limited by section 724 [of the Code]; but in the exercise of its control over its judgments it may open them upon the application of *any one* for sufficient reason, in the furtherance of justice. Its power to do so does not depend upon any statute, but is inherent, and it would be quite unfortunate if it did not possess it to the fullest extent.' (*Ladd* v. *Stevenson*, 112 N. Y. 325, 332. See, also, *Lowber* v. *Mayor*, etc., 26 Barb. 262.) " (Italics ours.)

The order provides for the service of a properly verified complaint upon Emil Schlesinger, as " attorney for the defendant." To this extent the order was inadvertent. As already appears, Schlesinger is not the attorney for the defendant, which, on the hearing here, was represented by counsel apparently authorized to act for the defendant's officers.

The order should, therefore, be modified by directing the service

of a properly verified complaint within twenty days after service of a copy of this order with notice of entry upon Emil. Schlesinger, as attorney for Joseph Rabinow and Max Bluestein, and others similarly situated, and that the parties represented by said Schlesinger have twenty days after the service of such complaint in which to answer or otherwise plead as they may be advised, and in default of such service the complaint is dismissed, and as thus modified the order should be affirmed, without costs.

DOWLING, P. J., MERRELL, McAVOY and SHERMAN, JJ., concur.

Order modified as directed in opinion and as so modified affirmed, without costs.