Joseph A. Gavagan, J.
This is an article 78 proceeding against a Justice of the Municipal Court of the City of New York for an order directing him to vacate an order staying a warrant which had been issued against the tenant in an eviction proceeding. In essence, the landlord seeks a writ of prohibition on the ground that the respondent Municipal Court Justice *956 had no power to stay a warrant of eviction after it had been issued by the clerk of that court.
The Attorney-G-eneral of this State, appearing on behalf of the respondent Justice, brings a cross motion to dismiss the petition for insufficiency.
The facts are not disputed. The landlord brought suit in the Municipal Court on February 18, 1958, to evict the tenant for nonpayment of rent. On the same day, the parties stipulated that judgment be entered in favor of the landlord for $1,550, that a final order be issued immediately with a stay until February 21,1958, at which time the tenant was to pay the landlord $1,000 and upon such payment the final order was to be stayed until February 28, at which time the balance of $550 was payable. The stipulation further provided that if the agreed payments were made, the final order would be vacated and if not, a warrant could be issued ex parte and without notice on February 28. Upon submission of the stipulation to a Justice of the Municipal Court, it was “so ordered”. The tenant then made the initial payment of $1,000, but failed to make the payment of $550 which was due before February 28. It appears that on March 6,1958 a warrant was issued in the eviction proceeding. That warrant has not, as yet, been executed. On March 8, the tenant obtained from the Municipal Court an order to show cause why the final order and warrant should not be vacated on the ground that there had been substantial compliance with the stipulation by the $1,000 payment. In support of the order to show cause, the tenant submitted an affidavit in which she attempted to excuse her inability to pay the additional amount of $550 because of the illness of herself and her nine-year-old daughter. Moved undoubtedly by the severity of the relief available to the landlord, the respondent Municipal Court Justice ordered, among other things, a further stay of the warrant so as to extend the tenant’s time to make the additional payment of $550. That order is the subject of the present review.
Under section 1435 of the Civil Practice Act a stay may be granted only in certain enumerated instances prior to the issuance of a warrant. Under section 1446 of the Civil Practice Act a stay may be granted after the issuance or execution of a warrant, where an appeal has been taken from a final order oían action has been brought for injunctive relief. Neither statute is applicable where, as here, the warrant had been issued and there was no pending appeal from a final order or no pending-action for injunctive relief. Under such circumstances, despite the harsh impact upon the tenant, the respondent Justice of *957 the Municipal Court was without power to grant a stay once the warrant issued after the entry of the final order. (Hanover Bank v. De Koenigsberg, 207 Misc. 1088, affd. 285 App. Div. 928; Wassel v. Reimer, 119 N. Y. S. 2d 33; Hendricks v. Ergis, 66 N. Y. S. 2d 349.)
The Attorney-General argues, however, that even if the determination of the Municipal Court Justice granting a further stay was erroneous, it is not subject to review in an article 78 proceeding and that an appeal therefrom is the only remedy. A similar argument was rejected in Matter of Culver Contr. Corp. v. Humphrey (268 N. Y. 26) on the ground that an article 78 proceeding may be invoked where a lower court exceeds its jurisdiction although the error might be corrected by appeal. Judge Fin oh, writing for a unanimous court, said (pp. 39-40): “The appellant asserts that even if the court erred in admitting evidence of physical damages, nevertheless the Appellate Division lacked the power to grant an order of prohibition. The error, it is claimed, is merely one involving the method of fixing damages, curable by appeal, and, therefore, the order does not lie. The order of prohibition is provided for by the Civil Practice Act (§§ 1341-1355). These sections represent the codification of the common-law writ of prohibition. The change is only of form and the order continues to be governed by the common law as to its nature, function, and the facts governing its issuance. The remedy is an extraordinary one which lies within the discretion of the court. Although ordinarily employed to restrain a subordinate tribunal from entertaining a cause or proceeding over which it has no jurisdiction (People ex rel. Safford v. Surrogate’s Court, 229 N. Y. 495; People ex rel. Lemon v. Supreme Court, 245 N. Y. 24), it may be exercised also to enjoin a lower court from exceeding its authorized powers in a proceeding over which it has jurisdiction (Quimbo Appo v. People, 20 N. Y. 531; People ex rel. Jerome v. Court of General Sessions, 185 N. Y. 504.) (See People ex rel. Livingston v. Wyatt, 186 N. Y. 383, at page 393.) * * * Nevertheless, where the lower court is exceeding its jurisdiction and the writ or order furnishes a more effective remedy, it may be availed of although the error might be corrected by appeal” (emphasis added).
To apply this rule to the present prohibitory proceeding permits this court to direct the respondent Justice of the Municipal Court to vacate his order exercising unauthorized powers, whether or not an appeal will lie from the said order. Moreover, in response to the landlord’s claim that the order under review is not appealable, the Attorney-General merely *958 argues that, if the order is erroneous, ‘ ‘ there may he a way of getting the matter before the Appellate Term.”
Accordingly, although aware of the equities favorable to the tenant, this court is constrained to grant the application of the landlord without prejudice to an action by the tenant for injunctive relief. The cross motion is denied.
Settle order.