John L. Flynn, J.
Motions No. 72 and No. 73 are consolidated and disposed of as follows:
This is an application pursuant to antiole 78 of the Civil. Practice Act for an order in the nature of a writ of prohibition directed to a Justice of the Municipal Court of the City of New York. It arises upon a summary proceeding heretofore brought by petitioner, as landlord, in the Municipal Court to dispossess a tenant. After trial a final order was entered in favor of the landlord and a warrant of eviction was thereafter issued. Subsequently, upon a showing by the tenant of fraud or mistake in the procuring of the final order, an order was made vacating such final order and directing that ‘ ‘ no warrant to be executed” upon the final order thus vacated. Presently pending before the Municipal Court is formal motion by the tenant for an order vacating the final order and directing a new trial upon the grounds of fraud and newly discovered. evidence. Petitioner asserts the respondent Justice is wholly without power to vacate the final order and the warrant of eviction issued thereon. An application of this character is an unusual one not favored by the court and ordinarily will not be granted except in a case of “ ‘ extreme necessity ’ when the grievance cannot ‘ be redressed by ordinary proceedings at law, or in equity, or by appeal.’ ” (People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 394.) Petitioner’s reliance upon Matter of Elcock v. Boccia (12 Misc 2d 955) does not help her. In that case the court was concerned with a clearly unauthorized act in the issuance of a further stay of eviction after warrant of eviction had been issued. In the case at bar the challenge is to the power of the court to entertain a motion to set aside its own final order. It is well established that a court possesses inherent power to set aside its own judgment or final order in the interests of substantial justice. (Matter of Lyons v. Goldstein, 290 N. Y. 19, 25; Matter of City of Buffalo, 78 N. Y. 362, 370; Flanson Realty Corp. v. Workers’ Unity House, 229 App. Div. 179.) In any event the petitioner has an adequate remedy by way of appeal.
Accordingly, the cross motion is granted and the proceeding is dismissed.