Edwabd G-. Bakeb, J.
Defendants move that this court, in the exercise of its inherent power and in the interest of justice vacate a judgment dated and entered herein on October 3, 1960 which judgment was based on seven separate orders granting seven applications for summary judgment dismissing defendants’ counterclaim for conversion of certain bungalows, allegedly the property of defendants. The counterclaims were interposed in an action in which plaintiff sought judgment enjoining the removal of the bungalows from land owned by it and declaring the bungalows to be the property of plaintiff. When the matter came on for trial the Justice presiding, on the consent, tacit or expressed, of counsel for the respective parties, directed that the counterclaims be severed and that the parties proceed to trial on the issues raised by the complaint and answer. After trial, judgment was entered in plaintiff’s favor declaring title to the bungalows to be in plaintiff. Defendants duly served and filed notice of appeal from that judgment.
During the pendency of the appeal, plaintiff moved for summary judgment dismissing the counterclaims. This court held that the judgment entered in the main action was dispositive of the issues raised by the counterclaim and the reply, and, accordingly, granted plaintiff’s motion. The judgment here sought to be vacated was thereupon entered.
*176 Thereafter, the judgment in the main action in favor of plaintiff was reversed on the law and facts and judgment directed in favor of defendants (12 A D 2d 430), upon the ground that the bungalows were personal property and that defendants had the right to remove them.
It is apparent that simple justice requires the granting of the relief here sought, and this court has power to grant it. In Flanson Realty Corp. v. Workers’ Unity House (229 App. Div. 179), Justice O’Malley, writing for the unanimous court stated clearly the power of the court to vacate its judgments whenever the ends of justice demand it. He wrote (p. 183): “‘“The general power of the Supreme Court to vacate, set aside, or modify even its final orders or judgments for sufficient reason and in the interests of substantial justice is well recognized, is not dependent upon any express statutory provision giving it that power, but is a power inherent in the court itself. The statement defining and recognizing this power most frequently adopted by the courts is found in the case of Matter of City of Buffalo (78 N. Y. 370). The court says: ‘ Courts have always control over their own proceedings, and where there is not express prohibition, may deal with them so that what is right and just may be reached. ’ Many instances of the exercise of this power are found in the reported cases. It is true that in many of these cases there appeared either fraud, excusable mistake, irregularity or inadvertence. But the court is never limited in its action in setting aside or modifying its orders, decrees or judgments to any one or all of these occasions for its exercise; but if it appears that substantial justice will be subserved, and injustice to persons, even though they be not in form parties to the proceeding, whose rights would otherwise be injuriously affected by the judgment, prevented, the court will set aside, correct or modify its judgment.” (Matter of Automatic Chain Co., 134 App. Div. 863, 866; affd., 198 N. Y. 618.) ’ ’ ’
Application granted. The orders granting summary judgment and the judgment entered thereon will be vacated and the matter restored to the calendar of this court for trial.