Nathaniel T. Helman, J.
This is an article 78 (Civ. Prac. Act) proceeding against a Justice of the Municipal Court of the City of New York for an order directing him to vacate an order dated January 23, 1962, staying a warrant of eviction which had been issued on December 1, 1961. A proceeding had been commenced by petitioner as landlord, to dispossess the tenant for illegal occupancy. Tenant consented to entry of a final order in favor of petitioner “ with a stay of the issuance of the warrant of eviction up to and including November 30, 1961.” There followed the significant language, “If by this time the tenant has not been able to relocate herself, then the said tenant may apply for a further stay of the issuance of the warrant of eviction.” *1037 In apparent reliance upon the latter provision, the tenant delayed its application for a further stay until December 4, 1961 but the court granted a stay to December 31, 1961. Subsequent stays-were granted effective through February 15,1962. Without the knowledge of the tenant, however, the landlord had procured a warrant of eviction on December 1, 1961, immediately after the last day of the original stay, by the simple device of presenting the final order to the Clerk of the court. Since the.final order, contained no reference to the stipulation, the Clerk performed the purely ministerial function of issuing the warrant of eviction. Much can be said in criticism of the conduct of the landlord,-, who was well aware that the final order had been conditioned by the parties on the terms of the stipulation, yet failed to so advise the Clerk of the court. Indeed, the landlord must have been aware of the tenant’s inability to obtain other quarters, and his subsequent delay in making the present application until a third stay had been granted, lends support to tenant’s charges of deception and impropriety in the proceedings before the Municipal Court. It may be noted that the court possessed the power under section 1436-a of the Civil Practice Act to grant a six-month stay of the warrant of eviction. Instead, because of the seeming co-operation between landlord and tenant in providing new quarters for the tenant’s family, the court granted shorter stays so as to prejudice neither party. Certainly, common courtesy would have required some form of communication to the court as well as to the Clerk, of petitioner’s intention to apply for a warrant of eviction, but apparently, the landlord saw an opportunity to curtail the statutory six-month period provided by section 1436-a.
However, the sole question presented by this application is whether the Municipal Court Justice had the power to grant the stay in view of the outstanding warrant of eviction. The appropriateness of the remedy sought by petitioner was discussed in the recent case of Matter of Elcock v. Boccia (12 Misc 2d 955) where the court squarely held that an order of prohibition was proper in a case where the Municipal Court exceeded its jurisdiction, although the error of the lower court might be corrected on appeal.
Section 1435 of the Civil Practice Act provides that the party against whom a final order is made “ may at any time before a warrant is issued, stay the issuing thereof ”, etc. Section 1446 of the Civil Practice Act adds that a stay may be granted after issuance or execution of a warrant only: (1) If an appeal is taken from the final order, or (2) if an action is properly brought for injunctive relief. Neither of these statutory pro *1038 visions is applicable here since a warrant had already been issued and the requirements of section 1446 are lacking. It has been frequently held that the power to grant a stay lapses with the issuance of a warrant (Hanover Bank v. De Koenigsberg, 207 Misc. 1088, affd. 285 App. Div. 928; Wassel v. Reimer, 119 N. Y. S. 2d 33; David v. Belclare Estates, 10 A D 2d 157).
As the court said in the Elcock case {supra, pp. 956-957) “ Under such circumstances, despite the harsh impact upon the tenant, the respondent, Justice of the Municipal Court was without power to grant a stay once the warrant issued after the entry of the final order.” The effect of the warrant is to cancel the agreement of lease and to annul the relationship of landlord and tenant (Civ. Prac. Act, § 1434; Federowicz v. Potomac Ins. Co., 7 A D 2d 330).
This court is not passing upon the powers of the Municipal Court under subdivision 7 of section 6 of the New York City Municipal Court Code to vacate, amend, correct or modify any process, mandate, judgment, order or final order in furtherance of justice, for any error in form or substance. Until the warrant is set aside either in appropriate proceedings in the Municipal Court or by injunction under subdivision 2 of section 1446 of the Civil Practice Act, the Municipal Court Justice is without power to grant a further stay.
While every element of equity would seem to favor the tenant, the application has been submitted to the court on legal questions only. The .appropriateness of an article 78 proceeding has already been discussed in the Elcock case (supra) where the court held that this proceeding may be invoked when a lower court exceeds its jurisdiction (see Matter of Culver Contr. Corp. v. Humphrey, 268 N. Y. 26).
Inasmuch as the stay is effective only until the 15th day of February, 1962, and vacation of such stay would be ineffectual* the application is denied, without prejudice to a new application on similar facts should a further stay be granted, and without prejudice to application by the tenant seeking relief in the Municipal Court, or under subdivision 2 of section 1446 of the Civil Practice Act. Settle order.