Edward J. Greenfield, J.
After trial of this summary proceeding to evict the tenant, who had resided in the premises for over 20 years, for nonpayment of rent, in which the landlord’s prima facie case as to nonpayment was conceded, the rent allegedly having been withheld because of the claimed failure of the landlord to supply services and make the necessary repairs, and hearing held on tenant’s application for deposit of the rent under section 755 of the Real Property Actions and Proceedings Law, on March 20, 1964 a final order for the landlord was granted by the court, with a five-day stay.
The tenant asserts that on Monday, March 23, after the intervening week end, she tendered the rent to the building superintendent, who declined to accept it, claiming he had no rent receipts on hand. The next day, she again went to the superintendent, and was told the landlord had the receipts, and she would be informed when they were available. She received no further word, although she attempted, without success to reach the landlord on the telephone, and so on March 28 she sent a postal money order for the amount of the rent to the landlord by registered mail.
In the meantime, a warrant was issued by this court on March 26, and delivered to a City Marshal for execution. On March 30, he notified the tenant that eviction was scheduled for April 1. Under the circumstances, this court on March 31, 1964 signed an order to show cause temporarily staying the execution of the warrant until a hearing could be had with respect to the facts alleged.
The landlord has challenged the power and jurisdiction of this court to extend the stay, or to act once the warrant of eviction has been issued. Both sides have stipulated that the sole issue to be resolved is the jurisdiction of the court to act and that if it does retain the power to act, the stay may be extended or the warrant vacated.
*919 The basic question presented is whether, after there has been a final order for the landlord in a nonpayment proceeding- wi-th a five-day stay, and the issuance of a warrant thereafter, the court is powerless to intervene or resuscitate- the proceedings even though it be subsequently shown that the landlord, through palpable fraud, has induced the tenant to permit the period of the stay to expire and has refused tender of the rent due.
The first argument of the landlord-was that this court exceeded its authority and illegally signed an order to show cause staying the execution of the- warrant of eviction because subdivision (d)- of section 44 of the New York City Civil Court Act (L. 1962, eh. 693) limited any stay to not more than five days after the determination of the issues. The only difficulty with this argument is that counsel for the landlord failed to note that this limiting provision was repealed by chapter 564 of the Laws of 1963, and no- corresponding limitation- was substituted in any other statute or rule. The power of this court with respect to stays is now governed by 2201 Civil Practice Law and Rules, which provides: ‘ ‘ Except where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just.” The only limitation-on a stay, therefore, is the court’s own sense of discretion, prudence, and justice.
But argues the landlord, once the matter has been tried, an order entered and a warrant issued, the proceeding is no longer pending, and the court has been ousted of whatever power it may have had. At that point, he contends, the tenant’s only remedy is with the appellate court. Here, however, there was no appeal being taken from this court’s determination after trial, nor does it appear that there would be any basis for such an appeal. The operative facts with respect to which this court was asked to take further action were facts which arose after the trial, and not matters in the record. Is the tenant, if what is alleged as to the landlord’s subsequent fraud is deemed to be- true, to be left in limbo, utterly remediless to rectify an inequitable situation because hu has been shunted to a no-man’s land in which neither the lower court nor the appellate court has jurisdiction? I think not.
In support of his position that this court, upon making of a final order and issuance of a warrant, become functus officio, landlord cites three cases: SNJ Trading Corp. v. Lewis (28 Misc 2d 589 [Appellate Term, 1st Dept., 1960], affd. 13 A D; 2d 9-22); Matter of Elcock v. Boccia (12 Misc 2d 955 [Supreme Ct., N. Y. County, Í958]) and Matter of Koleoglou v. Murphy (33 Misc 2d 1036 [Supreme Ct., Bronx County, 1962]).
*920 In the SNJ Trading Corp. case the court merely held that the absence of the stenographic minutes of the trial did not constitute a valid reason for the Municipal Court having vacated a warrant of eviction issued after a final order. The power of the court to do so in a proper case was not discussed.
In the Elcock case the Supreme Court issued an order in the nature of a writ of prohibition directing a Justice of the Municipal Court to vacate a stay of a warrant of eviction, holding that a stay could not be granted after a final order and issuance of a warrant, except by a court to which an appeal had been taken. There was no fraud after the order in that case resulting in the issuance of the warrant — merely the financial inability of the tenant to pay the rent before the stay expired because of her illness. Further, the court’s ruling was premised upon the proposition that section 1435 of the Civil Practice Act enumerated the circumstances under which a stay could be granted before a warrant is issued, and section 1446 of the Civil Practice Act limited stays after the final order and issuance or execution of a warrant only to orders in cases on appeal or in actions for injunctive relief. The ruling in the Koleoglou case was based upon the decision in the Elcock case, and the supposed limitation on stays prescribed in sections 1435 and 1446 of the Civil Practice Act.
However, in the enactment of the Civil Practice Law and Rules, the provisions of sections 1435 and 1446 of the Civil Practice Act were omitted.
'Section 1435 of the Civil Practice Act, dealing with stays before issuance of a warrant, with some modifications became section 751 of the Real Property Actions and Proceedings Law (L. 1962, eh. 312, § 21). Section 1446 of the Civil Practice Act, purportedly limiting the power to grant stays after the issuance of a warrant, was not re-enacted in any form, and has no counterpart in present law. Similarly omitted was section 1447, authorizing stays after final orders and the vacating of warrants only where such final orders were rendered upon the tenant’s default. That this omission of the purported limitations on the power of the court to issue stays was deliberate, and designed to correct the misimpression conveyed by cases such as Matter of Kingsview Homes v. Pette (9 A D 2d 782 [2d Dept., 1959]) and the Elcock and Koleoglou cases (supra), is attested to by the revisor’s notes.
“ Section 1446 of the civil practice act has been omitted. The authority of the court to grant the stays specified is elsewhere provided for and is not necessary in this form. In addition, it *921 conveys the erroneous impression that a court’s power to grant a stay is limited to appeals and injunctions pendente lite. See 14 Carmody-Wait, Cyclopedia of New York Practice 473-74 (1954); Keogh, Landlord and Tenant 361-62 (1932).
“ Section 1447 is omitted. Vacatur of its judgments is an inherent power of the court. * * * Staying enforcement of the judgment is a necessary ancillary power.” (Fourth Preliminary Report of the Advisory Committee on Practice and Procedures, Legislative Document No. 20, pp. 572-573, Jan. 2, 1960.)
The Civil Practice Law and Rules (5015, subd. [a]) empowers a court to relieve any party from a judgment or order on a number of grounds, specifically including: “ 3. fraud, misrepresentation, or other misconduct of an adverse party”.
Even in the absence of such statutory re-enactment and clarification, it was plain that courts retained inherent power to set aside their final judgments or orders, in the interests of justice, and the writs, warrants and levies dependent thereon. (Matter of Lyons v. Goldstein, 290 N. Y. 19; Flanson Realty Corp. v. Workers’ Unity House, 229 App. Div. 179; Matter of Capozzi v. Whitman, 23 Misc 2d 193 [Supreme Gt., Bronx County, I960].) In the latter case, upon a showing by a tenant of fraud or mistake in procuring a final order of eviction, the order and the warrant of eviction were vacated, despite the contention that after issuance of the warrant the court was without power to act, and the Supreme Court refused a writ of prohibition.
In harmony with that court’s finding as to the power to vacate a warrant improperly or unjustly issued and quite analogous to the facts here is Matter of Vaile v. Moriti (222 N. Y. S. 2d 290 [Supreme Ct., Kings County, 1961]). Again a landlord sought in the Supreme Court to set aside a Municipal Court order to show cause containing a stay of execution of a warrant that had been issued to a City Marshal, claiming the court had been ousted of jurisdiction. The tenant claimed, as does the tenant in this case, that before the expiration of the original five-day stay, the rent was offered to the landlord, but was refused. The court declared (p. 293): “If it be established * * * that the tenant made a full and timely tender to the landlord of the amount of rent due to her, the issuance of the warrant under such circumstances was unlawful and a nullity. (Young v. Lucas, 1 A. D. 2d 754,147 N. Y. S. [szc] 218; Greenberg v. Cagle, Sup., 212 N. Y. S. 2d 767).”
The pendency of summary proceedings so that the court may continue to act as justice requires even after issuance of the warrant is not terminated by virtue of the provisions of section *922 749 of the Beal Property Actions -and Proceedings Law, which declares that the issuance of a warrant annuls the relation of •landlord and tenant. This is merely an embodiment of section 1434 of the Civil Practice Act, to protect the tenant from liability for further rent. It has no application to situations in which •a warrant has been improperly issued, or to the power -of -the .court to «continue to act to ascertain that -fact. As held -in MiaH&r vf Walker v. Ribotsky (275 App. Div. 112 (1st Dept., 1949]'), the proceeding is deemed pending until the warrant is «executed, so whether or not the landlord-tenant relationship may have been technically annulled, it is subject to revival.
■So long -as the warrant remains unexecuted, and the tenant is still in possession, the court has the power to promulgate, -effectuate, or terminate any steps in -the proceedings which might be necessary. (Whitmarsh v. Farnell, 298 N. Y. 336-; SM Fast 73ir.d St. Garage v. Pantex Mills, 274 App. Div. 617 (1st Dept., 1949] ; O’Toole v. Suzanne Remy, Inc., 194 Misc. 799 [Mun. Ct., Manhattan, 1949].) (See Rasch, New York Law of Landlord and Tenant and Summary Proceedings, §§ 1467, 1468, and cases «cited .therein.)
It would therefore appear that where no appeal has -been ■taken, and when a warrant of eviction issued after final order £or the .landlord remains unexecuted, this -court retains jurisdiction to extend any stay, to vacate the pending warrant, to hold further hearings., or do whatever m-av be required within -the confines of the law. As nature abhors -a vacuum, so does the jaw .shun the unbridgeable gap where justice cries out for remedy but no tribunal has the power to act.
The action of one .Judge in this -court exercising the powers of the court to extend a -stay or hold a further hearing upon new facts subsequent to those tried by a colleague does not in any .sense constitute a review or a reversal -of the orders of a colleague of concurrent authority. While it might be appropriate to have the new matter heard by the Judge who tried the case, when he is unavailable any other Judge may do so. (See Buies of N. Y, City Civil Court, rule XXI, eff. Feb. 10, 1964, and CPLB 2221.) New facts not before the prior Judge may call for new or further remedies, but that is hardly the equivalent of overruling another Judge of co-ordinate jurisdiction.
It might have been advisable for the tenant to have deposited the rent in court pursuant to subdivision 1 of section 751 of the Beal Property Actions and Proceeding's Law, but that provision is permissive, not mandatory. The tenant having alleged attempts to pay the rent during the pendency of the stay which were refused by the landlord’s agent, who declined to give a *923 receipt though required by law (City Bent, Eviction and Rehabilitation Regulations, § 16 [Sept. 16, 1962]), and the parties having stipulated that if the court finds it retains jurisdiction no further hearing’s would be necessary and warrant vacated or the stay extended, the court hereby vacates the warrant issued March 26,1964 and extends the stay to April 24,1964.