OPINION OF THE COURT
Stanley Gartenstein, J.
Johnny P., a desperately unhappy young man, is charged in three separate dockets with: (1) assaulting his brother Luis; (2) smashing a token booth window with a lead pipe; and (3) twisting his sister Gloria’s arm and causing her physical injury. During his court appearances he stared at the floor and clenched his fists so tightly that his nails dug into the palms of his hands. Obviously, he was and still is seriously ill; dangerous to himself and others; and in need of whatever help the criminal justice system could make available. Through a fortunate accident of personal chemistry, his assigned counsel was successful in convincing him of his need for help. Although defendant understood the nature of the charges against him and was able to assist in his own defense (cf. CPL art 730), it appeared during preliminary proceedings that the proper disposition of these charges would involve a plea of not responsible by *648 reason of mental defect under the recently enacted reform of the so-called “insanity” defense (CPL 60.55, 220.15). Pursuant to arrangements made by defense counsel with approval of the Assistant District Attorney, defendant was housed at the psychiatric facilities of Bellevue Hospital pending examination and evaluation. The matter has been calendared before the undersigned who has been petitioned to accept, with the People’s consent, pursuant to CPL 220.15 and 60.55 a plea of guilty but not responsible by reason of mental illness. The entry of this plea requires specific findings delineated in CPL 220.10. Two threshold issues must be decided before acceptance of defendant’s plea:
1. Does statutory mention of the term “indictment” (CPL 220.15), a word of art indigenous to proceedings in a superior criminal court imply a lack of jurisdiction to accept this plea in a local criminal court?
2. May a court utilize the services of a psychiatrist to question a defendant on record in satisfaction of its personal statutory obligation to make the requisite inquiries prior to acceptance of the plea?
Concerning the first issue, the Insanity Defense Reform Act of 1980 (L 1980, ch 548) applicable to a plea of not responsible by reason of mental illness or defect reads as follows:
“§ 220.15 Plea; plea of not responsible by reason of mental disease or defect
“1. The defendant may, with both the permission of the court and the consent of the people, enter a plea of not responsible by reason of mental disease or defect to the entire indictment.” (Emphasis added.)
As defined by CPL 1.20 (subd 3), an indictment is “a written accusation by a grand jury * * * filed with a superior court, which charges * * * the commission of one or more offenses, at least one of which is a crime” (emphasis added).
Not all actions and/or directives of a Grand Jury take place by way of indictment. The Grand Jury may direct, upon hearing testimony, that a prosecutor’s information be filed commencing a proceeding in the local criminal court *649 (CPL 190.70). On the other hand, a superior criminal court may grant an application directing the presentation of misdemeanor charges to a Grand Jury and prosecution by way of indictment. This action, which stays proceedings in the local criminal court, divests the local criminal court of jurisdiction in deference to prosecution in the superior court (CPL 170.25, subds 1, 2) upon its completion. In neither of these instances does the concept of “indictment” as a word of art, mesh with prosecution thereof in a local criminal court. At first blush, therefore, it might appear from the use of the word “indictment” that a defense available in a felony prosecution might be unavailable in a misdemeanor proceeding in a local criminal court. We are able to avoid this manifest absurdity by holding CPL 340.20 to be dispositive on this issue. CPL 340.20 (subd 1) reads as follows: “Except as provided in subdivisions two and three [relating to pleas entered by corporations] the provisions * * * governing the kinds of pleas to indictments which may be entered and related matters, are, to the extent that they can be so applied, applicable to pleas of informations, and changes of pleas thereto, in local criminal courts.”
The court holds the provisions of CPL 340.20 applicable to a plea entered under CPL 220.15 in the local criminal court and finds that there is in fact jurisdiction to accept this plea.
The second issue facing the court centers around the reality that defendant, at this stage, relates only to his psychiatric social worker who is the only person with the necessary skill to question him on record.
With respect to acceptance of a defendant’s plea of not responsible by reason of mental illness or defect, the statute places upon the court a duty of allocution in the following terms: “4. The court shall not accept a plea of not responsible by reason of mental disease or defect without first determining that there is a factual basis for such plea. The court must address the defendant personally in open court and determine that the plea is voluntary, knowingly made, and not the result of force, threats, or promises. The court must inquire whether the defendant’s willingness to plead results from prior discussions between the district *650 attorney and counsel for the defendant. The court must be satisfied that the defendant understands the proceedings against him, has sufficient capacity to assist in his own defense and understands the consequences of a plea of not responsible by reason of mental disease or defect. The court may make such inquiry as it deems necessary or appropriate for the purpose of making the determinations required by this section.” (CPL 220.15, subd 4.)
Clearly, a defendant who interposes the defense in issue is entitled to all rights incidental to court proceedings such as are possessed by any other litigant. The right to comprehend judicial proceedings is an absolute one (People v Ramos, 25 AD2d 791; United States ex rel. Negron v State of New York, 310 F Supp 1304, affd 434 F2d 386) and carries with it the concomitant right to have an interpreter furnished by the court (United States v Sanchez, 483 F2d 1052, cert den 415 US 991). Failure to provide an interpreter where one is needed renders the trial constitutionally defective (United States ex rel. Negron v State of New York, supra). On the other hand, even where it is demonstrated that one comprehends the language used in court fairly well, error is not committed by permitting him to testify through an interpreter (United States v Cheung Kin Ping, 555 F2d 1069).
The power of a court to appoint an interpreter when it determines that one is appropriate and to bind the funding authority with his compensation is a statutory prerogative of the Trial Judge (Judiciary Law, § 387). This power is not limited to instances in which the failure of communication exists because of a language barrier, but extends as well to instances involving other disabilities (Judiciary Law, § 390, referring to sign language interpreters).
The obvious due process ramifications centering on a defendant’s right to such aid of the court as is necessary to effectuate his comprehension of proceedings (cf. United States ex rel. Negron v State of New York, supra) is further bolstered by the proposition that where a commitment results from constitutionally defective proceedings such as would mandate the right to treatment (cf. O’Connor v Donaldson, 422 US 563) the court itself is interposed between defendant and the State to insure not only the *651 letter of due process, but its spirit as well (cf. Matter of Gault, 387 US 1).
Hillel Bodek, co-ordinator of the Developmentally Disabled Offender Project, Forensic Psychiatry Services, New York University Medical Centre, has appeared before the court to lend his expertise in this narrow and highly specialized field. He has certified to the court, after intensive work with Mr. P., that although defendant does not require linguistic interpretive services, his thought processes are so convoluted that only one who has both medical and forensic familiarity with them can properly communicate with defendant. Accordingly, we have ruled Dr. Bodek to be an expert and certify him as in interpreter for this defendant to aid in the questioning required by statute. We hold the questions and answers elicited on record by Dr. Bodek from defendant to constitute the required testimony under the statute.
Accordingly, all consents required by law having been duly noted, and the requisite findings having been entered, the plea of not responsible by reason of mental defect is accepted.