OPINION OF THE COURT
Philip S. Straniere, J.
Petitioners, Ronald Yellen and Vincent Kyne, commenced *333 this summary proceeding against the respondents, Deisy Baez and Julio Baez, seeking a money judgment for nonpayment of rent and a warrant of eviction. The matter appeared on the court calendar on December 2, 1997. At that time, the petitioners were represented by counsel and the respondent, Deisy Baez, appeared pro se. It was determined that the respondent would need to be assisted by a Spanish interpreter. As the Civil Court in Richmond County has no certified interpreters in any language present on a daily or even regular basis and one must be specifically ordered through the clerk’s office, the matter was adjourned until December 9, 1997. The petitioners appeared ready to proceed on this matter and the court inquired as to whom the adjournment would be charged under the recently effective amendments to RPAPL 745. The petitioners’ counsel asked the court to review the statute and decide accordingly. The court notes that the notice of petition served in this action has the following language typed on to it: “take notice that under Section 745 of the Real Property Actions and Proceedings Law, you may be required by the Court to make a rent deposit, or a rent payment to the petitioner, upon you [sic] second request for an adjournment or if the proceeding is not settled or a final determination has not been made by the Court within 30 days of the first court appearance. Failure to comply with an initial rent deposit or payment may result in the entry of a final judgment against you without a trial. Failure to make subsequent required deposits or payments may result in an immediate trial on the issues raised in your answer.”
For the reasons set forth below, the court will not charge the adjournment to the tenant in spite of the statutory language. To do so would violate both the Equal Protection and Due Process Clauses of the United States and New York Constitutions and place an onerous yoke on the rights of respondents.
The court notes that there is a companion case between the parties in which Deisy Baez commenced a Housing Part (HP) action against Ronald Yellend (sic), seeking to compel certain repairs to the premises in question, 210 Clove Road, Staten Island, New York. This matter originally appeared on the calendar on November 18, 1997 and was adjourned until November 25, 1997 so that a Spanish interpreter could be provided. On November 25, 1997 no interpreter was available and the matter was adjourned until December 2,1997 to obtain an interpreter and so that the HP proceeding could be heard at *334 the same time as the nonpayment proceeding which was scheduled for that date. As no interpreter was available, the HP proceeding was adjourned one week as well.
In June 1997 the New York State Legislature amended RPAPL 745 (L 1997, ch 116, § 36). The change went into effect October 18, 1997. As part of this amendment, a new subdivision (2) was added to the statute. This required that: “(a) In a summary proceeding upon the second of two adjournments at the request of the respondent, or, upon the thirtieth day after the first appearance of the parties in court less any days that the proceeding has been adjourned upon the request of the petitioner, whichever occurs sooner, the court shall direct that the respondent, upon an application by the petitioner,. deposit with the court within five days sums of rent or use and occupancy accrued from the date the petition and notice of petition are served upon the respondent”.
The subdivision goes on to list four situations in which, if certain defenses are raised, the deposit requirement is waived. The court notes, in the case at bar, respondent has only asserted a general denial. The allegations of the HP proceeding do not meet the terms of any of the exceptions of clause (ii), as the tenant has not vacated the premises.
The statute also mandates that: “[t]wo adjournments shall include an adjournment requested by a respondent unrepresented by counsel for the purpose of securing counsel made on a return date of the proceeding”. (RPAPL 745 [2] [a].)
The court is cognizant of the Legislature’s intent to end what was perceived to be an abuse of the summary proceeding process whereby tenants were granted multiple adjournments for varying reasons while rent continued to accrue and the tenant had absolutely no financial ability to satisfy a judgment should the landlord prevail in the action. The objective of the legislation is to either require the rent to be posted and thereby secure the landlord of payment if victorious, or to have an immediate trial of the underlying issues.
Unfortunately, as written, the statute has stripped the court of any discretion in granting adjournments. On its face, it requires all adjournments other than those requested or consented to by the landlord, to be charged against the tenant’s 30-day period; and makes no provision for the granting of adjournments for the court’s purposes or for situations such as this action where an interpreter is needed.
If the court is required to charge an adjournment against the tenant when the tenant requires an interpreter in order to *335 proceed, the non-English speaking tenant is being discriminated against and placed at a disadvantage. The unjust and ludicrous result is that the time is charged against the tenant when the court cannot even inform the tenant of his or her rights, including the right to counsel, let alone discuss the intricacies of the new “rent deposit” law or the merits of the case. It is entirely possible that the tenant could be charged with the two adjournments within days of the first appearance (one for an interpreter and the second after the court informs the tenant through an interpreter of the right to counsel), and thereby be penalized before even consulting with an attorney. The court cannot imagine that the Legislature intended this harsh result which makes a non-English speaking litigant’s access to the court almost impossible without posting a rent deposit. A system such as this denies the foreign language speaking tenant equal protection of the law and violates due process.
Due Process Issue: It is a fundamental axiom of our system of jurisprudence that due process of law includes the right to have an adequate interpretation of the proceedings. This would apply to a litigant who does not speak sufficient English to understand the proceedings; or suffers from some developmental disability that might require the assistance of another person or an interpretive device; or is in need of a guardian to protect his or her rights (see, People v Ramos, 26 NY2d 272 [1970]; United States v Mosquera, 816 F Supp 168 [ED NY 1993]; People v Johnny P., 112 Misc 2d 647 [Crim Ct, NY County 1981]).
While there seems to be no specific Federal or State constitutional right to have interpretive services furnished in court proceedings, the failure of a court to appoint a qualified interpreter would be a denial of due process of the law (People v Rodriguez, 145 Misc 2d 105 [Sup Ct, Queens County 1990]). The need of litigants to understand court proceedings has been previously recognized by the Legislature with the passage of article 12 of the Judiciary Law, which establishes a procedure for obtaining the use of interpreters in all court proceedings in this State. The courts have repeatedly recognized this need by utilizing interpreters in a variety of matters. This service has long been provided by the judicial system to litigants in an attempt to protect fundamental rights and facilitate access to the legal process. Judiciary Law § 387 recognizes that any court in New York may appoint an interpreter when needed and that such power is not limited to language but applies to situations where there is a failure of communication arising from other disabilities (People v Johnny P., 112 Misc 2d 647, supra).
*336 The New York Constitution guarantees to all citizens the right not to be deprived of life, liberty or property without due process of law (NY Const, art I, § 6). To require the tenant to proceed when it is obvious that an interpreter is needed would violate due process of law. This being the case, to charge the tenant with the adjournment in such a situation where the court cannot provide an interpreter and not inform the tenant of fundamental rights, thereby triggering the rent deposit provisions of RPAPL 745 after the same time period as an English speaking respondent, would make a mockery of the due process protection afforded by the Constitution. Therefore, the court will not charge the adjournment to the respondent.
Equal Protection Issue: New York Constitution, article I, § 11 provides: “[n]o person shall be denied the equal protection of the laws of this state or any subdivision thereof’. Although this section further prohibits discrimination in a person’s civil rights, based on race, color, creed or religion, the Legislature expanded the coverage of this protection to include more classes of individuals by the passage of Civil Rights Law § 40-c, which states:
“1. All persons within the jurisdiction of this state shall be entitled to the equal protection of the laws of this state or any subdivision thereof.
“2. No person shall, because of race, creed, color, national origin, sex, marital status or disability * * * be subjected to any discrimination in his civil rights * * * by the state or any agency or subdivision of the state.”
Although language by itself does not identify members of a suspect or protected class (see, Frontera v Sindell, 522 F2d 1215 [6th Cir 1975]; Carmona v Sheffield, 475 F2d 738 [9th Cir 1973]), it can be a basis of a finding of discrimination based on national origin when it creates a discriminatory result against all persons who do not speak English rather than persons of any particular nationality.
Where governmental action disadvantages a suspect class or burdens a fundamental right, the conduct must be strictly scrutinized and will be upheld only if the government can establish a compelling justification for the action (Soberal-Perez v Heckler, 717 F2d 36 [2d Cir 1983]). Applying this standard to the case at bar, the court finds that the amendment to RPAPL 745 burdens a fundamental right, that is, to understand the nature of the litigation and provide a proper defense. The stated reason for the amendment to the law in requiring the rent deposit in certain situations is certainly within the *337 purview of the Legislature; however, the practical effect of that amendment on non-English speaking respondents or on persons with disabilities cannot survive strict scrutiny, unless the statute is interpreted so that the court is given the discretion to grant adjournments in certain specific situations without charging the delay to the respondent. The statute, in stripping the court of all of its discretion, has fashioned a new ministerial role for the judiciary, one that can better be performed by a bookkeeper rather than a jurist, at the expense of litigant’s rights.
If the analysis of the legislation leads to a conclusion that a suspect class is not affected or a fundamental right is not involved (something the court is not willing to concede), then the amendment and resulting procedural changes must only be rationally related to a legitimate governmental purpose in order to be valid (Soberal-Perez v Heckler, 717 F2d 36, supra). Providing landlords and tenants with a speedy resolution of their nonpayment disputes and insuring that the tenants have the ability to keep rent current during the pendency of the litigation and to comply with the terms of stipulations voluntarily entered into settling the disputes are legitimate governmental purposes. However, the method chosen here to achieve that result is not rationally related to that purpose since it discriminates against persons who cannot speak English and need the assistance of an interpreter and persons with disabilities who may require some other type of assistance to have their day in court. It indeed would be ironic if, with all the training and warnings the Office of Court Administration gives to Judges concerning discrimination in the courtroom, the court were to either deny an adjournment or charge it to an individual defined in a statute as being in a protected class, such as someone with a disability, thereby giving that individual less time to prepare their case than a nondisabled litigant. In doing so, the court may be in violation of such a statute" and the Judge civilly liable to that litigant. Surely, this is not what the Legislature intended.
Conclusion: The amendment to RPAPL 745 requiring that all adjournments of a summary proceeding be charged against the respondent unless requested by the petitioner violates both the Equal Protection Clause and Due Process Clause of the New York Constitution when applied to adjournments necessary to obtain an interpreter or assistance because of a disability. Therefore, the court will not charge the adjournment to the respondent.