OPINION OF THE COURT
Gary F. Marton, J.
Petitioner moves for a rent deposit. The motion is denied and *256 the proceeding is transferred back to Part J on February 28, 2017.
This nonpayment proceeding was first returnable in Part J on December 20, 2016. On that date it was adjourned to February 6, 2017; however, the court file does not include a stipulation, an order, or anything else that might be probative of the reason or reasons for the adjournment. On the court file jacket in close proximity to the handwritten date of the adjournment there are two other handwritten notes. One is “trial or settlement” and the other is “Resp disabled has Dept Human Rights case v LL.” The identity of the writer is not known.
Respondent interposed an answer in December 2016 and then appeared by counsel on February 6, 2017. Petitioner asked the court to send the case out for a trial and respondent requested an adjournment so that she might move to dismiss or for summary judgment. Petitioner responded by asking the court to condition any adjournment on a rent deposit pursuant to RPAPL 745.
The court transferred the case to Part C which has been administratively designated to hear applications for rent deposits. Neither side submitted papers in support of their positions and neither side sought an opportunity to do that. After hearing the arguments, the court reserved decision.
Petitioner asserts that RPAPL 745 (2) (a) mandates a rent deposit because more than 30 days have passed since the parties first appeared. In pertinent part that statute provides:
“In a summary proceeding upon the second of two adjournments at the request of the respondent, or, upon the thirtieth day after the first appearance of the parties in court less any days that the proceeding has been adjourned upon the request of the petitioner, whichever occurs sooner, the court shall direct that the respondent, upon an application by the petitioner, deposit with the court within five days sums of rent or use and occupancy accrued from the date the petition and notice of petition are served upon the respondent” (RPAPL 745 [2] [a]).
Respondent opposes the application for a rent deposit on the ground, set out at length in her answer, that respondent offered the rent to petitioner but that petitioner wrongfully refused to take it. More specifically, respondent asserts that she has been a tenant of the premises, a rent-stabilized apartment, since before September 2015, that at that time she was *257 approved for a Section 8 voucher pursuant to which the government would pay the rent to the extent that it exceeded 30% of her income as adjusted (see 42 USC § 1437a), that petitioner refuses to complete the paper work necessary to activate the voucher, and that this refusal is wrongful because it is illegal for a landlord to refuse to accept a payment of rent on the basis of the source of the payment. Petitioner concedes the refusal but insists that it is not wrongful because it is based not on the source of the funds but instead on the ground that respondent engages in behavior that constitutes a nuisance.
The court denies the application for a rent deposit. Petitioner does not pretend that it was ready for trial on the first return date of December 20, 2016. Accordingly, the court holds that the adjournment and the passage of time between that date and February 6, 2017 are attributable to petitioner. Cross reference 564 Morgan Ave. Corp. v Santos (NYLJ, Feb. 4, 1998 at 26, col 4 [Civ Ct, Kings County 1998]), a nonpayment proceeding that had been adjourned on the first return date for 30 days and on the second return date for 29 days, in which the court denied a landlord’s application for a rent deposit, finding that the landlord had not been ready to proceed on the proceeding’s first return date and holding that the application on that date for an adjournment had to be attributed to both parties. See also Yellen v Baez (177 Misc 2d 332 [Civ Ct, Richmond County 1997]), where the court declined to attribute the first adjournment to the tenant even though the tenant had requested the same, inasmuch as an adjournment was necessary, regardless of the tenant’s request, to secure the services of an interpreter of Spanish.
Accordingly, petitioner’s application for a rent deposit is denied and the proceeding will be restored to the Part J calendar on February 28, 2017 at 9:30 a.m. In light of this result, the court declines to address respondent’s argument that petitioner’s refusal to accept Section 8 is fatal to the application for a rent deposit and, for that matter, the entire proceeding.

 It can be argued that since respondent was not trial-ready on December 20, 2016 the adjournment should be attributed, in a joint and undivided way, to both parties. This, the court holds, is of no consequence. Had the court on December 20, 2016 denied an adjournment and tried the proceeding it would have been dismissed at the close of petitioner’s case because, as noted above, petitioner was not trial-ready; the question of whether respondent had a viable defense would not have been reached.