CHARLES M. EVARTS, Appellant, *v.* CHARLES KIEHL, Respondent,

An action for damages at the suit of an individual is not maintainable against a justice of the peace, because of his failure to render judgment in an action tried before him within four days after its final submission.

As to whether, where it appears that the justice in fact decided the case but omitted to enter it in his docket within the four days, he would be liable, *quære.*

(Argued March 12, 1886 ; decided April 27, 1886.)

APPEAL from judgment of the General Term of the City Court of Brooklyn in favor of defendant, entered upon an order made at the March term, 1884, which directed a judgment on a verdict taken subject to the opinion of the court at General Term.

The nature of the action and the material facts are stated in the opinion.

*Ira Leo Bamberger* for appellant. Section 3015 of the Code makes it the imperative duty of the justice to render a judgment and enter the same in his docket within four days after the submission of the case. His failure to do so without a legal excuse is negligence, for the consequences of which he would be liable. (*Keating* v. *Sewall,* 5 Daly, 280 ; *Bissell* v. *Bissell,* 11 Barb. 96 ; *Ready Roofing Co.* v. *Chamberlain,* 1 Abb. N. C. 192 ; *Dalton* v. *Loughlin,* 4 id. 187 ; 1 Daly, 485 ; *Amy* v. *Barkholder,* 78 U. S. 102 ; *Christopher* v. *Van Liew,* 57 Barb. 17 ; *Hall* v. *Tuttle,* 6 Hill, 41 ; *Hess* v. *Beekman,* 11 Johns. 457 ; *Fish* v. *Emerson,* 44 N. Y. 378 ; *People* v. *Stone,* 9 Wend. 192 ; *Horn* v. *Barney,* 19 Johns. 247 ; *People* v. *Onondaga,* 2 Wend. 637 ; Swan's Treat. on Justices of the Peace, 1 Ohio, 9 ; 20 id. 327 ; 15 How. [U. S.] 179 ; 12 Penn. 227 ; 29 Vt. 305 ; *Allen* v. *Godfrey,* 44 N. Y. 435 ; *Watson* v. *Davis,* 19 Wend. 371 ; *Sibley* v. *Howard,* 3 Denio, 72, 73 ; *Walrod* v. *Shuler,* 2 Comst. 134 ; *Stephens* v. *Santee,* 49 N. Y. 39 ; *Tompkins* v. *Sands,* 8 Wend. 464 ; *People, ex rel.*

*Dexter,* v. *Linde,* 8 Cow. 133; *Willy* v. *Mulledy,* 78 N. Y. 310, 314; *McAlpin* v. *Powell,* 70 id. 127; *Moffatt* v. *Herman,* Daily Reg., March 16, 1886; *Seifert* v. *City of Brooklyn,* 33 Alb. L. J. 227.)

*Jos. S. Ridgway* for respondent. The defendant was a judicial officer and acted in a judicial capacity in the matter referred to in the complaint, and failure on his part to act — same not being *mala fide* — constitutes no cause of action, and he is not liable in a personal action. (*Lange* v. *Benedict,* 73 N. Y. 12; *Barhyte* v. *Shepherd,* 35 id. 238.) If the plaintiff or his principal did suffer loss or damage, by reason of the alleged neglect of said justice to render judgment, the defendant could in no event be held liable in any greater sum than the actual amount the plaintiff therein had necessarily lost or paid and would have been entitled to recover. (Addison on Torts, 639; *Clare* v. *Manard,* 7 C. & P. 743.)

DANFORTH, J. It is a general rule that a person is not liable to an action at the suit of an individual, for what he does or fails to do as judge (*Yates* v. *Lansing,* 5 Johns. 282, 291; 9 id. 395; *Wickware* v. *Bryan,* 11 Wend. 545), but where he omits a ministerial duty, or errs in its performance, it may be otherwise. Here the complaint is that the defendant, as justice, took jurisdiction of the cause of *Stadtmuller* v. *Bartsch,* and after issue joined, heard the evidence until the case was finally submitted for determination; that it then became his duty "to render judgment and enter it in his docket-book within four days thereafter." It should be observed that of these two acts, one, to render judgment, is judicial, and the other, to enter it, is ministerial. The plaintiff alleges a default in regard to the latter only, and his counsel says: "The respondent did not offer any evidence that he had not decided the case." It appears, however, by the answer and the case prepared for the appeal, under section 1339 of the Code of Civil Procedure, that neither act was performed. No judgment or decision was made, consequently there was none to

enter, and the ministerial duty never attached. No case has been cited, which in any degree warrants this action, and the facts suggest nothing in its favor. The appellant was not a litigant before the magistrate. He was merely surety for the plaintiff, but now seeks a recovery for his own benefit, on an alleged wrong done to his principal, although for aught that appears, if judgment had been given, it would have gone against him. Moreover, the defendant was prevented by sickness from attending to his official duties, and if this suit succeeds, must answer for his bodily affliction by the diminution of his estate. The doctrine to which I first adverted makes this injustice impossible, and requires the affirmance of the judgment against which the appeal was taken.

All concur.

Judgment affirmed