## Merwin *et al. v.* Rogers.

(*City Court of New York, General Term.* September 29, 1888.)

1. Judgment—By Default—Rendition and Entry—Discretion of Judge.
   Code Civil Proc. N. Y. § 3126, providing that where the summons and a copy of the verified complaint is served upon the defendant, "unless the defendant upon the return-day of the summons files a written answer, verified in like manner, * * * the justice must render judgment in favor of the plaintiff for the sum claimed in the complaint, with costs, without putting the plaintiff to any proof," does not make it mandatory upon the justice to render such judgment upon the return-day, but he may exercise his discretion in adjourning the case for a reasonable time.

2. Judge—Liability—Judicial Discretion.
   A justice cannot be held liable for acts done in the exercise of his discretionary judicial functions, even though he be actuated by corrupt motives. Affirming 1 N. Y. Supp. 211.

Appeal from special term; McAdam, Chief Justice.

The complaint herein alleges, in substance, the commencement of an action in the district court of the city of New York for the Tenth judicial district, by Samuel B. Merwin and others, plaintiffs, against one John A. Mapes; the filing in the said court on the return-day of the summons, on January 13, 1888, of the original summons, and a verified complaint, with proof of due service thereof on the defendant; that the case was regularly called on the calendar of said court on said return-day, by the defendant, the presiding justice of said court; the appearance of the plaintiffs by their attorney; that the defendant, Mapes, failed to appear in person, but made default to file a written answer, verified in like manner with said complaint; that plaintiffs' attorney thereupon demanded judgment on the verified complaint for the sum claimed therein, with costs, without putting them to any proof; that defendant refused to enter a judgment on said return-day, and adjourned the said case until January 16, 1888; that between the said return-day of the summons (January 13, 1888) and the adjourned day (January 16, 1888) an attachment was levied by another creditor against Mapes, and thereby obtained a prior lien upon, seized and held, all the property of the said Mapes; that on the day to which the case was adjourned (January 16, 1888) plaintiffs appeared

in said court, by their said attorney, before said defendant, the presiding justice of said court, and asked for judgment against Mapes on said verified complaint; and that said justice thereupon rendered judgment in favor of said plaintiffs; and that, by reason of the refusal of said defendant to render judgment on the return-day of the summons, plaintiffs have suffered the loss of their said debt against said Mapes, besides being put to great expense in procuring a worthless judgment, to their damage of $250. To which complaint defendant demurred, on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiffs appeal. For opinion of the chief justice, see 1 N. Y. Supp. 211.

Argued before NEHRBAS, McGOWN, and PITSHKE, JJ.

*J. Homes Hildreth*, for appellants. *James C. De la Mare*, for respondent.

McGOWN, J., (*after stating the facts.*) Section 3126 of the Code of Civil Procedure, made applicable to the district courts in the city of New York by section 3207 of Code, provides for the service upon the defendant "with the summons, and in like manner, a copy of a written complaint, verified," etc., in which case, " unless the defendant, upon the return-day of the summons, files a written answer, verified in like manner, denying one or more material allegations, or generally each allegation, of the complaint, * * * the justice must render judgment in favor of the plaintiff for the sum claimed in the complaint, with costs, without putting the plaintiff to any proof." There is no provision in said section requiring or making it the duty of the justice to render a judgment on the return-day of the summons; but only that should the defendant fail to file the answer provided for in said section on the return-day, in such case the justice must render judgment "without putting plaintiff to any proof" other than the verified complaint. It clearly was not intended that the justice in such case should stop or delay the other business of the court then before him to examine the plaintiff's complaint, and proof of service thereof, in order to satisfy himself at that particular time as to whether the plaintiffs' complaint set forth a sufficient cause of action, and whether the proof of service was sufficient to confer upon him jurisdiction of the action sufficient to authorize him to render a valid judgment therein. He was fully authorized, and it was discretionary with him, to adjourn the examination of the case for such reasonable time as he might deem necessary, consistent with his other duties in said court, to enable him to make such examination. The case was, in the exercise of such discretion, adjourned to the 16th day of January,—a half holiday and a Sunday intervened. The case having been thus adjourned, on the adjourned day, he still having and exercising his jurisdiction thereof, the plaintiffs' attorney appeared before him, and asked for judgment against said Mapes,—thus recognizing the jurisdiction of said justice; who thereupon rendered judgment in favor of said plaintiffs for the sum claimed in the complaint, without putting the plaintiffs to any proof. The acts of the defendant in adjourning said case, and rendering the judgment thereon on the adjourned day, were done in the exercise of his judicial functions, and of a discretion conferred upon him; and it does not appear that he exercised such discretion improperly, and he cannot be held liable for a judicial act, in a matter within his jurisdiction, even though the act was in excess thereof, and one alleged to have been done maliciously or corruptly. No such allegation appears in the complaint. *Lange* v. *Benedict*, 73 N. Y. 12. Even had the adjournment granted by the defendant been unwarranted, such adjournment was at most an error of judgment upon his part, for which he cannot be held liable. Not even had the defendant made a mistake in the law, nor for misconduct or corrupt motives in granting the adjournment, can he be held liable when he had jurisdiction of the subject-matter in which he was acting. *Wickware* v. *Bryan*, 11 Wend. 546; *Brown* v. *Smith*, 24 Barb. 422. For the reasons above stated, and also for others stated in the opinion of the

chief justice, the judgment and order appealed from must be affirmed, with costs.

PITSHKE, J., (*concurring.*) The justice sued herein had in the action in question eight days to decide any question of fact or law therein, after submission of the case. Consolidated Act, § 1384. The verification of the complaint is only a substitute for the giving of proofs; but the whole complaint, so before the justice for adjudication thereon, may, nevertheless, not amount to a cause of action, though all true; and hence the justice must have a reasonable time within the eight days to examine into that question, (which is one of law,) as well as to consider and examine into the sufficiency of the verification. The lapse of eight days will alone work a "discontinuance" of the case. That examination is necessarily the exercise of a judicial function. The justice has also power to adjourn the case to a later day than the return-day, for the purpose of enabling the defendant therein to plead. Consolidated Act, § 1346; also section 24, c. 793, Laws 1857, still in force. And he had otherwise discretionary authority to adjourn, for good grounds shown, not needful to be now referred to. *Goff* v. *Vedder*, 12 Civ. Proc. R. 358, 368. The said justice was not personally liable herein; nor would he be even for failure to render any judgment within the eight days. *Evarts* v. *Kiehl*, 102 N. Y. 296, 297, 6 N. E. Rep. 592. For the foregoing reasons, and those further stated in the opinion below of Chief Justice McADAM, and in that of Judge McGOWN on this appeal, the judgment must be affirmed, with costs.