OPINION OF THE COURT
Simons, J.
Petitioner Brusco is the owner of residential property in New York County. He commenced a summary proceeding against his tenant alleging that the tenant had defaulted in paying $3,626.04 rent due from December of 1991 through March of 1992 and seeking a judgment for the arrears, interest and attorney’s fees, a judgment awarding possession of the premises to petitioner and the issuance of a warrant to remove the tenant from the premises. Notwithstanding the tenant’s default in appearing, respondent Civil Court Judge refused to enter a judgment without an inquest. Petitioner instituted this CPLR article 78 proceeding seeking an order of mandamus directing him to sign a judgment in his favor without further proceedings, contending that the provisions of RPAPL 732 (3) require the court to "render judgment” upon default without an inquest. We agree and therefore affirm.
The summary proceeding was brought in the Housing Part of the New York City Civil Court, pursuant to the provisions of RPAPL article 7. A notice of petition was issued by the clerk of the Civil Court on March 13, 1992, and the notice and the petition were personally served upon the tenant on March 16. The notice advised the tenant that she must, within five days after service, appear before the clerk of the court or serve an answer upon petitioner. The tenant defaulted in appearing and on March 27, petitioner requested final judgment and a warrant evicting the tenant. She was advised that petitioner’s request had been placed on the "Judgment and Warrant Residential Default Applications Calendar” of April 13.
On the adjourned date, petitioner’s attorney appeared for the calendar call presided over by respondent. After petitioner’s case had been called twice without the tenant’s appearance, petitioner’s attorney asked the court to render a judgment, noting that the petition had been verified by the petitioner on personal knowledge and that an attorney had per *679 sonally served it on the tenant. The court denied petitioner’s request and, following respondent’s general practice, scheduled the matter for an inquest on May 1, 1992. This article 78 proceeding followed.
Supreme Court dismissed the petition, holding that the scheduling of an inquest is within respondent’s discretion. On appeal, the Appellate Division, with one Justice dissenting, modified by granting so much of the petition as requested mandamus directing respondent to enter judgment of possession and rent due in favor of petitioner.[1] The Appellate Division certified the following question to the Court of Appeals: "Was the order of this Court, which modified the judgment of the Supreme Court, properly made?”
It is well settled that the remedy of mandamus is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion (see, Matter of County of Fulton v State of New York, 76 NY2d 675, 678; Matter of Mullen v Axelrod, 74 NY2d 580, 583; Klostermann v Cuomo, 61 NY2d 525, 539; Matter of Legal Aid Socy. v Scheinman, 53 NY2d 12, 16). A party seeking mandamus must show a "clear legal right” to relief (County of Fulton, supra, at 678, citing Matter of Legal Aid Socy. v Scheinman, supra). The availability of the remedy depends "not on the [petitioner’s] substantive entitlement to prevail, but on the nature of the duty sought to be commanded — i.e., mandatory, nondiscretionary action” (Matter of Hamptons Hosp. & Med. Ctr. v Moore, 52 NY2d 88, 97). Thus, the dispositive question on this appeal is whether respondent Braun retains any discretion to withhold a judgment pursuant to RPAPL 732 (3) when a petition proper in form and substance demonstrates grounds for relief and the supporting papers establish proper service on the tenant. We hold that he does not.
RPAPL article 7 sets forth the jurisdictional and procedural requirements for summary proceedings to recover possession of real property. Section 732 of the article, the section at issue in this appeal, defines "Special Provisions” that are applicable when the proceeding is grounded on the tenant’s failure to pay rent, provisions which the regulations make applicable in the New York City Civil Court (see, 22 NYCRR 208.42 [d]). The *680 statute provides that if the tenant answers the petition, the clerk of the court is required to "fix a date for trial or hearing” (RPAPL 732 [2]). However, "[i]f the [tenant] fails to answer within five days from the date of service, as shown by the affidavit or certificate of service of the notice of petition and petition, the judge shall render judgment in favor of the petitioner” (RPAPL 732 [3]).
The plain language of the statute establishes two factual predicates to be determined by the court: whether petitioner has submitted an affidavit or certificate of service of the notice of petition and petition, and whether the tenant has failed to respond within five days of the date of service. If both conditions are met, the statute requires that "the judge shall render judgment in favor of the petitioner” (RPAPL 732 [3] [emphasis supplied]). The statute not only commands an action; it dictates the result. Where, as here, petitioner has proven service of the notice of petition and petition and the tenant has failed to appear, respondent has no discretion; judgment in favor of petitioner must be granted and mandamus lies to compel respondent to do that which the statute requires (see, People ex rel. Allen v Murray, 2 Misc 152, affd 138 NY 635).
Notwithstanding this unambiguous language, respondent maintains, and the dissent agrees, that the court may hold an inquest to look behind the default. "Rendering” judgment is a judicial act, he maintains, not subject to mandamus. He relies on dicta in Evarts v Kiehl (102 NY 296). In Evarts, a surety sought a judgment against the estate of a deceased Judge because, after hearing all the evidence and taking the case under advisement, the Judge failed to render judgment and enter it in the docket book. The determination of disputed facts is a judicial function and manifestly the court could not be compelled to decide the case, nor could entry of judgment be compelled when the case had not been decided. That, however, is substantially different from the posture of this summary proceeding pursuant to a statute which provides that issues of fact shall be resolved against the tenant upon the tenant’s default (compare, People ex rel. Allen v Murray, supra). We agree with the majority at the Appellate Division that as the term is used in section 732 (3), there is no substantive difference between "rendering judgment” and "awarding” or "granting” judgment and that mandamus lies to compel judgment "in favor of the petitioner” on the facts of this case.
*681 Respondent asserts further that the provisions of CPLR 3215 (b), which permit an “assessment” when a plaintiff is required to apply to the court for a default judgment, authorize him to conduct an inquest. However, CPLR 3215 and RPAPL 732 (3) address the same subject matter — default judgments — and are inconsistent. The RPAPL does not provide for fact finding in the case of a defaulting tenant in a nonpayment proceeding (compare, RPAPL 731 [requiring hearing in all summary proceedings except those brought for nonpayment under RPAPL 732]) while the broader CPLR 3215 (b), permits fact-finding proceedings prior to the rendering of a default judgment. The CPLR provision does not apply because it has been abrogated by the more specific RPAPL 732 (see, CPLR 101 [CPLR “shall govern the procedure in civil judicial proceedings * * * except where the procedure is regulated by inconsistent statute”]; McKinney’s Cons Laws of NY, Book 1, Statutes § 397 ["A special statute which is in conflict with a general act covering the same subject matter controls the case and repeals the general statute insofar as the special act applies”]).
Petitioner has complied with all the procedural requirements of RPAPL article 7: the petition was verified upon personal knowledge of the landlord (RPAPL 721, 741) and the notice of petition and petition were personally served upon the tenant (RPAPL 735). Inasmuch as there was no question regarding the sufficiency of the petition or the service and the tenant failed to answer, respondent was required by RPAPL 732 (3) to render judgment in favor of petitioner.
Article 7 represents the Legislature’s attempt to balance the rights of landlords and tenants to provide for expeditious and fair procedures for the determination of disputes involving the possession of real property (see, Cotignola v Lieber, 34 AD2d 700, 701). The statute attempts to protect a landlord’s right to recover premises occupied by a nonpaying tenant promptly but also to ensure that tenants are not unjustly evicted from their homes. Tenants are protected by multiple notice provisions and by the continuing jurisdiction of the Civil Court over the landlord/tenant disputes. Thus, RPAPL article 7 and the rules of court require the tenant to be notified at least three separate times before the return date: (1) as a predicate to commencement of the proceeding, a demand must be made upon the tenant for payment of rent or possession of the premises (RPAPL 711); (2) the notice of petition may be issued *682 only by an attorney, Judge or clerk of the court and service of the notice of petition and petition must be made personally, by leaving them with a person of suitable age and discretion at the premises or by affixing it to a conspicuous place (RPAPL 731, 735); and (3) upon filing of the notice of petition with proof of service, the clerk promptly mails a postcard informing the tenant of the summary proceeding and the possibility of eviction (22 NYCRR 208.42 [i]). There are also judicial remedies available to tenants. Even after a default, the court may stay the issuance of the warrant of eviction up to 10 days (RPAPL 732 [3]), after issuance of the warrant, the tenant is entitled to at least 72 hours notice before execution (RPAPL 749 [2]), and prior to the execution of the warrant, the court retains jurisdiction to vacate the warrant for good cause shown (RPAPL 749 [3]). Finally, the Civil Court may, in appropriate circumstances, vacate the warrant of eviction and restore the tenant to possession even after the warrant has been executed (see, Solack Estates v Goodman, 78 AD2d 512). These safeguards ensure adequate notice and judicial oversight of tenants’ rights. The statute does not authorize the Judges to fashion additional, individualized protections upsetting the legislative scheme.[2]
Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question not answered on the ground that the order appealed from is final and thus the certified question is unnecessary.

. The Appellate Division held that the imposition of attorney’s fees was the proper subject of a hearing in the underlying summary proceeding and the parties raise no argument with respect to that part of its order.

. The record indicates that the practice of Civil Court Judges sitting in the Housing Part is inconsistent. Some hold inquests and others do not. Thus, the process to which a petition is subjected depends, arbitrarily, on the Judge presiding.