OPINION OF THE COURT
Levine, J.
On this appeal we are called upon to revisit the subject previously addressed in Matter of Brusco v Braun (84 NY2d 674), concerning the authority of Judges of the Civil Court of the City of New York to impose additional procedural hurdles upon landlords before obtaining an eviction, when a tenant fails to appear or answer in a summary proceeding for nonpayment of rent under RPAPL article 7. In the instant case, it is undisputed that, in accordance with the procedures of article 7, service of the notice of petition and the petition upon the tenant of the subject commercial premises was duly effected November 12, 1994, and the required papers for obtaining a judgment by default were filed with the court. On March 15, 1995, respondent Judge of the Civil Court rendered a default judgment which contained the stamped notation:
“Final judgment of possession only. Warrant may issue 5 days after service of copy of the judgment upon the tenant by regular mail with a post office certificate of mailing to be filed with the clerk of the court.”
Petitioner then commenced his first CPLR article 78 proceeding in the nature of mandamus to compel respondents Judge and the Chief Clerk of the Civil Court to issue a warrant of eviction, free of the condition precedent of mailed service of a copy of the judgment upon the tenant. Whereupon respondent Judge issued the warrant, thereby mooting that article 78 proceeding, but sua sponte amended the judgment to stay the execution of the warrant upon the same conditions — until five days after service of a copy of the judgment upon the tenant by mail with a certificate of mailing filed with the clerk. The instant CPLR article 78 proceeding was then brought to compel respondents to permit execution of the warrant without the additional service of notice and filing requirements. Supreme *478 Court granted respondents’ cross motion to dismiss the petition in its entirety. On appeal, the Appellate Division modified the judgment by deleting the provision granting dismissal and inserting a provision directing respondent Judge to issue the warrant of eviction without further proceedings or the submission of any additional documents (229 AD2d 153). We granted respondents leave to appeal, and now affirm.
The unchallenged averments contained in petitioner’s submissions are that respondent Judge inserted the requirement of mailed service of the default judgment upon the tenant prior to execution of the warrant solely because of the Judge’s general policy to impose this additional procedural safeguard for tenants in rental nonpayment evictions obtained by default. There is nothing in the record to indicate that the additional service requirement was imposed because of any actual or apparent infirmity in the process by which the default judgment was obtained in this case, or that it was incidental to any application by the tenant to vacate the judgment or the warrant for good cause (see, RPAPL 749 [3]). Also undenied is petitioner’s averment that he had been advised by the chief warrant clerk of the Civil Court in Kings County that the Judges individually impose, as a matter of personal policy preference, varying additional notice requirements in connection with the issuance and execution of warrants in cases where the tenant fails to answer or appear. We conclude that Judges of the Civil Court and of other courts presiding over RPAPL article 7 summary proceedings lack the authority to fashion additional notice requirements for the issuance or execution of warrants of eviction on that basis.
As we noted in Matter of Brusco v Braun, “[a]rticle 7 [of the RPAPL] represents the Legislature’s attempt to balance the rights of landlords and tenants to provide for expeditious and fair procedures for the determination of disputes involving the possession of real property” (84 NY2d, at 681, supra). To those ends, article 7 provides an elaborate set of notice requirements to ensure that tenants are not unjustly evicted from premises without an opportunity to defend (id., at 681-682). Correspondingly, the Legislature has given a clear legal right to prompt recovery of the premises to a landlord who has satisfied the statutory procedural requirements of notice and filing, upon a default in answering or appearing by the tenant (see, RPAPL 732, 749; Matter of Brusco v Braun, supra, 84 NY2d, at 680).
The Legislature’s use of the imperative “shall,” relied upon in part in Matter of Brusco to read RPAPL 732 (3) as mandat *479 ing the court to render an unqualified judgment upon a tenant’s default, is also used in section 749 (1), directing that “[u]pon rendering a final judgment for petitioner, the court shall issue a warrant directed to the sheriff * * * or marshal * * * to put the petitioner into full possession” (emphasis supplied). Judicial discretion is strictly limited under the statutory scheme to providing that the Judge, upon rendering judgment, “may stay the issuance of the warrant for a period of not to exceed ten days from the date of service [of the notice of petition]” (RPAPL 732 [3] [emphasis supplied]). By the time the default judgment was rendered in this case, that option had expired.
Respondents, however, argue that the extraordinary remedy of mandamus is inappropriate here because the Civil Court has inherent power, in the interests of justice, to stay or place conditions upon the execution of a warrant of eviction. We assume, without deciding, that there may be particularized circumstances in an individual case, where, upon a showing of good cause, the court would have the authority to stay execution of a warrant of eviction (see, e.g., New York City Hous. Auth. v Torres, 61 AD2d 681 [stay incidental to an application by the tenant to vacate the warrant under RPAPL 749 (3)]; Tayeh v Frederick, 180 AD2d 728 [stay pending an appeal from a judgment of eviction]; Matter of Pepsi-Cola Metro. Bottling Co. v Miller, 50 Misc 2d 40; contra, Hanover Bank v De Koenigsberg, 207 Misc 1088, affd without opn 285 App Div 928; Matter of Koleoglou v Murphy, 33 Misc 2d 1036; Matter of Elcock v Boccia, 12 Misc 2d 955 [all decided under the summary eviction procedures of the former Civil Practice Act]).
Here, however, the Civil Court essentially stayed execution of the warrant for no particular reason arising out of the circumstances of this case. Rather, it was based solely on respondent Judge’s policy election to add a further, general notice requirement before any defaulting tenant can be evicted for nonpayment of rent. Just as in Matter of Brusco v Braun (supra), respondent Judge lacked the discretionary legal authority to thus fashion such an additional procedural safeguard, as a matter of policy, for the benefit of defaulting tenants in a rental nonpayment eviction proceeding, beyond the policy choices made by the Legislature in this regard. And, as in Matter of Brusco, the petitioner landlord’s clear right to the relief he seeks in that summary proceeding justifies the utilization of the extraordinary remedy of mandamus here (see also, Matter of New York Post Corp. v Leibowitz, 2 NY2d 677, 683-684).
*480 Nor is such, an extraordinary preemptive remedy directed against the Judge defeated because, as we have noted, the court in a RPAPL article 7 proceeding may have the power to stay execution of the warrant of eviction for particularized good cause under certain circumstances not presented here. As stated in Matter of Proskin v County Ct. (30 NY2d 15), where we upheld the extraordinary writ of prohibition against the trial court’s granting of inspection of Grand Jury minutes “in the interest of justice”:
“[i]t is no answer to argue that if the motion court had granted limited inspection for the purpose of determining the sufficiency of the indictment, there would have been at most an abuse of discretion. The motion court has power to do for some purposes what it lacks power to do for others” {id., at 20 [emphasis supplied]).
Accordingly, the order of the Appellate Division should be affirmed, with costs.