Ciparick, J.
(concurring). On constraint of this Court’s decision in Matter of Brusco v Braun (84 NY2d 674), I concur in today’s decision.
In Brusco, this Court held that, although a Judge of the Civil Court has the power, in appropriate circumstances, to stay issuance of the warrant of eviction, or even to vacate the warrant after execution, the mandatory nature of the RPAPL summary eviction proceeding does not permit “Judges to fashion additional, individualized protections upsetting the legislative scheme” (84 NY2d, at 682).
Similarly, the majority here also recognizes that “the court in a RPAPL article 7 proceeding may have the power to stay execution of the warrant of eviction for particularized good cause under certain circumstances” (majority opn, at 480). In the instant case, however, rather than evaluate the need for a stay of execution on a case-by-case basis, the Trial Judge, with administrative approval, established a general policy, in cases where landlords had obtained judgments of possession by default, of requiring the landlord to mail the tenant a copy of the default judgment, and then wait five days before attempting to have the warrant of eviction executed. As this Court construed the summary eviction scheme in Brusco, Judges are without authority to create such additional procedural safeguards by imposing them generally and without regard to the facts of a particular case.
*481 It seems clear to me, however, that the additional procedural requirements imposed by the Trial Judge here were an attempt to provide the defaulting tenant with yet additional notice of the judgment and imminent eviction, not provided by the existing statutory and regulatory scheme.
In an understandable attempt to guarantee the tenant due process of law in these expedited summary proceedings, both the statute and the officially promulgated Uniform Rules for Trial Courts contain overlapping layers of notice of the petition, judgment, and warrant of eviction (see, e.g., RPAPL 731 [special proceeding commenceable by service and notice of petition], 749 [2] [requiring marshal to give tenant at least 72 hours’ notice before executing warrant of eviction];* 22 NYCRR 208.37 [b] [requiring that petitioner mail copy of judgment to respondent where respondent appears in person but subsequently fails to answer complaint]; 208.42 [i] [directing petitioner at time of notice of petition to provide clerk of court with stamped postcard containing specified written notice of petition, said postcard to be mailed by clerk]).
Significantly absent from this plan, however, is a requirement that tenants who have defaulted receive a copy of the judgment, as is mandated for tenants who initially appear but incur judgment through a failure to answer the complaint. This gap is apparently what the Trial Judge in the instant proceeding attempted to fill via her policy that landlords mail tenants a copy of the default judgment five days prior to the execution of the warrant of eviction, not an unreasonable attempt to further insure that the defaulting tenant had notice of the proceedings.
Regrettably, however, here, the trial court was without authority to fill this gap by fashioning its own remedy and mandamus properly lies.
Chief Judge Kaye and Judges Titone, Bellacosa, Smith and Wesley concur with Judge Levine; Judge Ciparick concurs in result in a separate opinion.
Order affirmed, with costs.

 Legislation currently pending before the Legislature proposes to increase the period of notice prior to eviction from 72 hours to five days (see, 1997-1998 NY Assembly Bill A 3532 [220th Gen Assembly, 1997-1998 Reg Sess]).