■ In the Matter of IRMA MARTINEZ, Respondent, v LAURA JACOBSON, as Judge of the Civil Court of the County of Kings,

et al., Appellants, et al., Respondent. [677 NYS2d 161] —In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the signing of a judgment in favor of the petitioner and the issuance of a warrant of eviction in a proceeding entitled *Martinez v Paulino* in the Civil Court of the City of New York under Index No. 83151/96, Laura Jacobson, a Judge of that court, and Jack Baer, Chief Clerk of that court, appeal from a judgment of the Supreme Court, Kings County (Vinik, J.), dated August 1, 1997, which granted the petition.

Ordered that the judgment is affirmed, with costs.

In settlement of a commercial nonpayment proceeding commenced pursuant to RPAPL article 7, the attorneys for the petitioner and for the respondent Elido Paulino entered into a written stipulation providing for the entry of a monetary and possessory judgment in favor of the petitioner and the issuance of a warrant of eviction. The appellant Judge refused to sign the judgment presented to her for signature because she had not previously reviewed or "so-ordered" the stipulation. The petitioner then commenced this CPLR article 78 proceeding in the nature of mandamus to compel the signing of a judgment and issuance of the warrant. The Supreme Court granted the petition, concluding that the stipulation was binding pursuant to CPLR 2104 and, under the circumstances, the granting of a judgment was a strictly ministerial act. We agree.

The stipulation, signed by counsel for the respective parties during a court appearance, was binding. There is no requirement that such a stipulation be "so-ordered" (*see,* CPLR 2104). While a Judge certainly has discretion to refuse to enforce a stipulation where there is evidence of fraud, overreaching, unconscionability, or illegality (*see, Hallock v State of New York,* 64 NY2d 224), there is no such evidence in this case. Consequently, there was no legal basis for the Judge's refusal to enforce the parties' stipulation.

Under the unique circumstances of this case, the signing of a judgment was simply a ministerial act. The petitioner has demonstrated a "clear legal right" to relief and, therefore, the remedy of mandamus is available (*see, Matter of County of Fulton v State of New York,* 76 NY2d 675, 678). The fact that a Judge may have discretion to refuse to enforce a stipulation under certain circumstances does not defeat the right to mandamus relief in this case where there was no reason to refuse to do so (*see, Matter of Mennella v Lopez-Torres,* 91 NY2d 474). Sullivan, J. P., Pizzuto, Altman and Friedmann, JJ., concur.