■ In the Matter of JAMES R. MOORE, Appellant, v NEW YORK STATE OFFICE OF MENTAL HEALTH, Respondent. [705 NYS2d 700] —Peters, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered May 21, 1999 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to conduct a mental health examination of petitioner.

Upon his plea of guilty of the crime of murder in the first degree in 1963, petitioner was sentenced to life in prison. As a result of a change in the law (see, Executive Law § 259-h), petitioner became eligible for release on parole after serving 20 years in prison. Accordingly, beginning in 1982, petitioner made biennial applications for release on parole which have all been denied. After the most recent denial, petitioner commenced this proceeding, the nature of which is unclear. Although the petition appears to challenge the determination of the Board of Parole, in particular the Board's alleged failure to consider the opinions of experts regarding petitioner's mental health, the Board of Parole is not a party to this proceeding. Supreme Court dismissed the petition for failure to state a cause of action and petitioner appeals.

As limited by his brief, petitioner seeks an order directing respondent to conduct a mental health evaluation of petitioner to be considered by the Board of Parole in determining his eligibility for parole. We conclude that petitioner seeks relief in the nature of mandamus to compel, which requires him to establish a clear legal right to relief (see, Matter of Brusco v Braun, 84 NY2d 674, 679). Petitioner cites to CPL 330.20, which creates a three-track scheme of procedure and treatment for defendants who are absolved of responsibility for a criminal

act by reason of mental disease or defect (see, People v Stone, 73 NY2d 296, 300). Inasmuch as petitioner was not absolved of responsibility for a criminal act by reason of mental disease or defect, but instead was convicted upon his plea of guilty of murder in the first degree, CPL 330.20 is clearly inapplicable to petitioner. In any event, the record discloses that respondent conducted an evaluation of petitioner in July 1998 which resulted in a "Mental Status Report for Division of Parole." Supreme Court correctly dismissed the petition and, therefore, its judgment is affirmed.

Crew III, J. P., Spain, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.