■ Dainetta Lang et al., Appellants, v George Pataki et al., Respondents, and Rent Stabilization Association et al., Intervenors-Respondents. [707 NYS2d 90] —Order, Supreme Court, New York County (Edward Lehner, J.), entered November 12, 1998, which, upon the parties' respective motions for summary judgment, declared RPAPL 745 (2) and 747-a to be constitutional on their face, unanimously affirmed, without costs.

Subject to certain exceptions, RPAPL 747-a prohibits a court in the City of New York from staying the issuance and execution of a warrant of eviction after five days have elapsed following judgment in favor of the landlord. There is no merit to plaintiffs' contention that this statute violates the separation of powers doctrine by preventing the court from considering the merits of the summary proceeding before it. Under the New York Constitution, article VI, § 30, the authority to

regulate practice and procedure in the courts is delegated primarily to the Legislature (*see, Cohn v Borchard Affiliations*, 25 NY2d 237, 247), and the courts' discretion to adjust their procedures in areas involving the " 'inherent nature of the judicial function' " may not be exercised "in a manner that conflicts with existing legislative command" (*People v Mezon*, 80 NY2d 155, 159, citing, *inter alia, Cohn v Borchard Affiliations, supra*). For instance, in the context of summary eviction proceedings where the tenant has defaulted in appearance, the courts' discretion to stay warrants of eviction is "strictly limited," there being no discretion to fashion notice requirements in addition to those prescribed by the Legislature (*Matter of Mennella v Lopez-Torres*, 91 NY2d 474, 479; *Matter of Brusco v Braun*, 84 NY2d 674, 680). Section 747-a does not strip the courts of fundamental decision-making authority. The courts retain the power to vacate an eviction warrant for good cause prior to its execution (RPAPL 749 [3]), including, in appropriate circumstances, the power to reinstate the tenancy after execution of the warrant (*see, Matter of Brusco v Braun, supra*, at 682).

Subject to certain conditions and exceptions, RPAPL 745 (2) prohibits successive adjournments at a tenant's request unless the tenant deposits into court his or her rent accrued from the date the petition was served. Similarly without merit is plaintiffs' contention that this statute violates the separation of powers doctrine by interfering with the courts' discretion to control their own calendars (*cf., Cohn v Borchard Affiliations, supra*, at 249-250, 251, distinguishing *Riglander v Star Co.*, 98 App Div 101, *affd* 181 NY 531). While it is possible that section 745 (2) could be applied in particular cases in a manner that deprives a tenant of due process (*see, e.g., Yellen v Baez*, 177 Misc 2d 332; *Allmen v Andre*, NYLJ, Apr. 8, 1998, at 30, col 1), the mere possibility does not serve to render the provision invalid on its face (*see, Lindsey v Normet*, 405 US 56, 65). Section 745 (2) permits the assertion of all defenses, including the breach of the warranty of habitability, and provides for a prompt determination of the parties' claims (*cf., Bell v Burson*, 402 US 535). Only where the tenant seeks an adjournment is the deposit of post-petition rent mandated, a requirement specifically upheld by the United States Supreme Court in *Lindsey v Normet* (*supra*). Plaintiffs, who make no claim that section 745 (2) is unconstitutional as applied to them, fail to make the requisite showing that " 'in any degree and in every conceivable application,' the law suffers wholesale constitutional impairment" (*Cohen v State of New York*, 94 NY2d 1, 8 [citation omitted]).

Plaintiffs have provided no data to suggest that application of the rent deposit provision has resulted in wholesale evictions or resulted in injustice. The landlord, though not the court (RPAPL 745 [2] [c] [v]), may waive the deposit of rent into court, and there is no indication that statutory deposits are being made with any frequency. Finally, the disadvantaged and most vulnerable tenants are largely exempt from the operation of the statute by the exclusion for recipients of public assistance, senior citizens subject to rent increase exemptions and tenants receiving rent subsidies (RPAPL 745 [2] [b] [i]). Concur—Nardelli, J. P., Williams, Tom, Lerner and Rubin, JJ. [*See,* 176 Misc 2d 676.]