OPINION OF THE COURT
Paul A. Goetz, J.
In this summary commercial nonpayment proceeding, petitioner seeks entry of a default judgment against respondent. Pursuant to Real Property Actions and Proceedings Law § 732 (3), petitioner is entitled to a default judgment upon respondent’s failure to answer within five days of service of the notice of petition and petition if there is “no question regarding the sufficiency of the petition or the service” (Matter of Brusco v Braun, 84 NY2d 674, 681 [1994]). Respondent’s time to answer has expired.
The petition alleges that respondent is in possession of 120 Essex Street, building C, stall No. 34, New York, New York 10002 pursuant to a “written permit agreement dated October 1, 2011.” The petition refers to an annexed “itemized rent history” and states that the “[r]ent has been demanded by service of a written Three (3) Day Notice to Permittee and Demand For Payment of Rent dated June 23, 2015.” A copy of the notice is also annexed to the petition. The “itemized rent history” annexed to the petition details amounts respondent allegedly owes petitioner and includes “permit fee[s]” due, but does not include “rent” due. For the reasons that follow, the court finds that the petition in this proceeding does not provide a sufficient basis upon which a default judgment may be entered against respondent. (See id.)
By describing the amounts due as “rent,” the petition and predicate three-day notice imply that there is a lease between the parties for the subject space. (See Finkelstein & Ferrara, Landlord and Tenant Practice in New York § 3:23 at 190 [2013-2014] [“A ‘lease’ grants exclusive possession of designated space to a tenant, usually for a specified rental rate and term, subject to certain rights reserved by the lessor” (emphasis added)].)
Characterizing the agreement between the parties as a “permit” is inconsistent with the proposition that respondent owes petitioner “rent” which, as already noted, implies that *706 there is a lease between the parties. A “permit” suggests that petitioner granted respondent a license to occupy the premises for a particular purpose. (See Finkelstein & Ferrara, Landlord and Tenant Practice in New York § 3:20 at 189 [2013-2014] [“A ‘license’ is generally defined as a personal, revocable, and nonassignable privilege, conferred either orally or in writing, which permits a particular act (or series of acts) upon the property of another. It is a nonpossessory right to use the property (or any part thereof) as specified by the parties’ express or implied agreement” (emphasis added)].)
RPAPL 741 (2) obligates petitioner to “[s]tate the respondent’s interest in the premises and his relationship to petitioner with regard thereto” and subdivision (4) requires petitioner to state in its petition “the facts upon which the special proceeding is based.” The reason section 741 places this requirement on a petitioner is because if there is an agreement between the parties, the type of proceeding maintainable under article 7 of the RPAPL is governed by whether the agreement is a lease, thereby creating a landlord-tenant relationship, or a license/ permit.
Pursuant to RPAPL 711, where there is a landlord-tenant relationship, a special proceeding under article 7 may be maintained on the grounds that the tenant has defaulted in the payment of rent pursuant to the agreement under which the premises are held, and at least three days’ notice in writing requiring the payment of rent or possession of the premises has been served upon the respondent. (RPAPL 711 [2].)
Where there is no landlord-tenant relationship, a special proceeding may be maintained under RPAPL 713 provided a 10-day notice to quit has been served on the respondent. RPAPL 713 further provides that a special proceeding may be brought on the grounds that, inter alia, the respondent is a licensee of the person entitled to possession of the premises at the time of the license and the license has expired or been revoked by the licensor. (RPAPL 713 [7].)
Here the petition is contradictory as to whether there is a landlord-tenant relationship. On the one hand, the petition refers to respondent as the “permittee” and states that the parties entered into a written permit. The “itemized rent history” annexed to the petition details “permit fees,” among other charges, allegedly due. On the other hand, the petition alleges that “rent” has been demanded from respondent by way of the three-day notice. Rent is generally the enumeration paid by a *707 tenant not a licensee or “permittee” who pays license or permit fees. (See Finkelstein & Ferrara § 3:23.) These contradictory statements within the petition deprive the court and respondent of sufficient notice under the circumstances of petitioner’s claim against respondent. (See Kabir v Limbert, 47 Misc 3d 147[A], 2015 NY Slip Op 50758[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Tello v Dylag, 47 Misc 3d 141 [A], 2015 NY Slip Op 50617 [U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; 287 Realty Corp. v Livathinos, 38 Misc 3d 146[A], 2013 NY Slip Op 50309[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013].) A consistent position as to whether respondent is a tenant or a “permitee”/licensee is necessary because if respondent is a tenant then petitioner may maintain a summary proceeding against respondent under RPAPL 711 and a three-day predicate notice is sufficient. However, if respondent is not a tenant then petitioner must initiate an action under RPAPL 713 and must serve a 10-day predicate notice.
The contradictory claims in the petition regarding “Respondent’s interest in the premises and [its] relationship to petitioner with regard thereto” provide an insufficient basis upon which a default judgment may be entered against respondent. (See Brusco, 84 NY2d at 681.) Moreover, because the petition fails to meet the requirements of RPAPL 741, dismissal of the petition is required. (Kabir, 2015 NY Slip Op 50758 [U], *2; Tello, 2015 NY Slip Op 50617[U], *1; 287 Realty Corp., 2013 NY Slip Op 50309[U], *2.)
Accordingly, it is hereby ordered that petitioner’s request for a default judgment is denied in its entirety and the petition is dismissed without prejudice.