■ In the Matter of MOUNT BUILDERS, LLC, Appellant, v JAMES ODDO, as Borough President of Staten Island, Respondent. [58 NYS3d 594]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent, James Oddo, in his official capacity as Borough President of Staten Island, to issue house numbers for a housing development, the petitioner appeals from an order of the Supreme Court, Richmond County (Minardo, J.), entered February 22, 2016, which denied its motion to enforce so much of a judgment of the same court dated November 9, 2015, as granted the petition.

Ordered that the order is affirmed, with costs.

The petitioner is the owner of a development site in Staten Island. In about December 2014, it submitted a house number site plan, survey, and a list of suggested street names to the Topographical Bureau, which is part of the Office of the Staten Island Borough President, for the issuance of house numbers. The plan, which proposes, inter alia, 175 new homes, requires the creation of three new streets. As of September 2015, the Topographical Bureau had not responded to the petitioner's request.

The petitioner commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent James Oddo, in his official capacity as Borough President of Staten Island, to issue house numbers for the development (*see* CPLR 7803 [1]). In a judgment dated November 9, 2015, the Supreme Court, inter alia, determined that the respondent was required under the law to provide house numbers to the petitioner and that the act of issuing house or street numbers is ministerial and nondiscretionary. It therefore granted the petition and, in effect, directed the respondent to issue the house numbers.

On November 24, 2015, the Topographical Bureau completed issuance of house numbers and street names for the development. However, it rejected all nine street names suggested by the petitioner and instead selected different names for the three streets. The petitioner moved by order to show cause to enforce the November 9, 2015, judgment, arguing that the respondent was obligated to name the streets from the list provided by the petitioner. The Supreme Court denied the motion.

"Mandamus lies to compel the performance of a purely ministerial act where there is a clear legal right to the relief sought" (*Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]; *see New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 184 [2005]; *Matter of County of Fulton v State of New York*, 76 NY2d 675, 678 [1990]). "Thus, mandamus does not lie to enforce the performance of a duty that is discretionary, as opposed to ministerial" (*New York Civ. Liberties Union v State of New York*, 4 NY3d at 184; *see Matter of Brusco v Braun*, 84 NY2d 674, 679 [1994]; *Matter of County of Fulton v State of New York*, 76 NY2d at 678). Here, the respondent complied with the November 9, 2015, judgment. Since the naming of the new streets was within the discretion of the respondent, the petitioner has failed to show a clear legal right to relief in the nature of mandamus. Accordingly, the Supreme Court properly denied the motion. Leventhal, J.P., Barros, Connolly and Brathwaite Nelson, JJ., concur.