Piermont Plaza Realty, LLC v Gazzetta (2024 NY Slip Op 50571(U))

[*1]

Piermont Plaza Realty, LLC v Gazzetta

2024 NY Slip Op 50571(U)

Decided on May 15, 2024

Justice Court Of The Village Of Piermont, Rockland County

Ruby, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 15, 2024
Justice Court of the Village of Piermont, Rockland County

Piermont Plaza Realty, LLC, Landlord-Petitioner,

against
Robert Gazzetta, Tenant-Respondent.

Case No. 24-050024

For the Petitioner: Barry D. Haberman, Esq., New City, N.Y.
For the Respondent: Robert Gazzetta, pro se

Marc R. Ruby, J.

JURISDICTIONAL STATEMENT
While not in dispute, this Court's jurisdiction is duly invoked under the Uniform Justice Court Act, and the Real Property Actions and Proceedings Law, because the subject premises is situated within the Incorporated Village of Piermont. See UJCA § 204; RPAPL § 701; and, 2023-2024 Piermont Tax Bill No.: 603.

 RELEVANT FACTS AND PROCEDURAL HISTORY
On May 1, 2024, the Petitioner filed a summary non-payment proceeding against the Respondent. The petition alleges a landlord-tenant relationship was created between the parties, under a lease dated March 1, 2022. (See Petition Allegation No.: 2). It is unclear whether the lease was initially made for a fixed term, or if the lease created a month-to-month tenancy.
In any event, under the lease, it appears as though the Respondent is obligated to pay the Petitioner $1,950.00 per month in rent. The Petitioner alleges the Respondent has fallen delinquent in paying rents, to the tune of $13,900.00. (See Petition Allegation No.: 6). As such, the Petitioner seeks a judgment awarding possession and a warrant of eviction, along with the $13,900.00 in outstanding rents. The Petitioner also prays for costs, fees, disbursements, and interest. 
Inasmuch as the Petitioner is a limited liability company ("LLC"), the non-payment summary petition is verified by a member of the LLC. However, the verification [FN1]
does not bear a [*2]legible notary's stamp, or signature. In addition, the verification is bifurcated, inasmuch as parts of the petition are verified upon personal knowledge, while the remainder is verified upon the verifying member's information and belief. See RPAPL § 741. (See Petition, and accompanying Verification).
The petition was accompanied by a Notice of Petition, dated April 18, 2024, and also by a predicate notice, dated March 26, 2024. The predicate notice demands payment of a $13,850.00 [FN2]
 arrearage, within 5 days (or by March 31, 2024). (See Petition, and accompanying predicate notice). The Respondent is admonished that if the arrearage is not paid, within said 5 days, "legal action", "including but not limited to eviction proceedings". . ."may result." Id. In all events, it appears as though, both the predicate notice, notice of petition, and petition, were duly served upon the Respondent. To date, the Respondent has not filed a written answer, defenses, motions, or counterclaims.

LEGAL ANALYSIS
A proper rent demand is a statutory prerequisite to a non-payment proceeding, and an element of a landlord's prima facie case. EOM 106-15 217th Corp. v. Severine, 62 Misc 3d 141(A), 2019 NY Slip Op 50068(U), 1 (App Term 2019). In relevant part, this prerequisite is codified under the RPAPL:
"A special proceeding may be maintained under this article upon [ ]" . . . "The tenant [ ] default[ing] in the payment of rent, pursuant to the agreement under which the premises are held, and a written demand of the rent has been made with at least fourteen days' notice requiring, in the alternative, the payment of the rent, or the possession of the premises, has been served. . ."
-RPAPL § 711(2).
To this end, the Court of Appeals has held that defective predicate notices, in summary proceedings are non-curable. Chinatown Apartments, Inc. v. Chu Cho Lam, 51 NY2d 786, 788 (1980). As a predicate to a non-payment proceeding, a petitioning landlord must give a responding tenant a chance to pay an arrearage, under a 14-day written notice, demanding payment of rent, or (emphasis added) possession of the premises. See RPAPL § 711(2). Thereafter, a respondent-tenant may render the petition moot, by paying the outstanding rents. See RPAPL § 731(4); CPLR R. 3211. Accordingly, a responding tenant must be presented with an alternative between paying outstanding rent, or losing possession. Fazal Realty Corp. v. Paz, 22 Misc 3d 56 (App Term 2008).
The 14-day component of RPAPL § 711(2), as a prerequisite to the maintenance of a summary non-payment proceeding came about with the passage of the Housing Stability and Tenant Protection Act of 2019. Palmer House Owners Corp. v. Duchesneau, 64 Misc 3d 791, 2019 NY Slip Op 51348(U), FN1 (App Term 2019). In all events, a petitioning landlord bears the burden of proving compliance with RPAPL 711(2). WFHA Creston Avenue, LP v. Votaw, 66 Misc 3d 1213(A), 2020 NY Slip Op 50083(U), 2 (Civ Ct, Bronx County 2020). Although the surrounding timings may seemingly be technical in nature, pleading and predicate notice requirements for summary landlord-tenant proceedings are strictly construed. Ghailan v. Carver, 81 Misc 3d 1232(A), 2024 NY Slip Op 50049(U), 1 (Town of Ossining Just Ct 2024).
Where a petition, proper in form and in substance, demonstrates grounds for relief, and has been duly served on the respondent, a court lacks discretion for withholding judgment. Brusco v. Braun, 84 NY2d 674, 679 (1994). On the other hand, since Article 7 of the RPAPL provides elaborate notice requirements to ensure tenants are not unjustly evicted, courts, in turn, lack authority to fashion additional procedural safeguards, which are not expressed in the statutes. Menella v. Lopez-Torres, 91 NY2d 474, 478-479 (1998).
Here, the "non-payment" predicate notice only gave the Respondent 5 days to pay the rent arrearage. This is 9 days less than required under RPAPL § 711(2), or roughly, one-third of the statutorily required time. The Court notes than the predicate notice was ostensibly drafted and dispatched by the Petitioner, and not by the attorney who prepared the petition. The Court also recognizes that the 14-day rule is relatively new. Nevertheless, a proper predicate notice remains a statutory prerequisite to a non-payment proceeding, and an element of a landlord's prima facie case, under EOM 106-15 217th Corp. As such, RPAPL 711(2)'s prescription must be construed strictly, under Ghailan. Accordingly, the petition is improper in form and substance, under Brusco. And in all events, a defective notice is incurable, under Chinatown Apartments, Inc. Since courts must ensure tenants are not unjustly evicted, by upholding procedural safeguards, expressed in the statutes, under Menella, only one disposition is warranted.
Finally, the Court does note that in Herald Towers, LLC v. Perry, 2003 NY Slip Op. 50564(U) (1st Dept 2003), the responding tenant's cumulative practice of paying late, negated the landlord's obligation to tender a predicate curative notice. However, there, the Herald Towers Court: 1) was construing the Rent Stabilization Code (9 NYCRR 2524.3); 2) the responding tenant made several adverse admissions; and, 3) the supporting opinions cited therein, indicated several previous eviction proceedings had been brought against the responding tenants. None of those scenarios are operative here.

ORDER
The RPAPL prescribes very specific formulas for a landlord to follow, when bringing a summary non-payment proceeding. Courts are very much in the same position as landlords, inasmuch as courts are not free to disregard any related procedural requirements; nor are courts free to fashion procedural requirements. Here, the Petitioner's predicate notice does not comport with the letter of RPAPL 711(2). Such compliance is an essential element to a prima facie summary non-payment proceeding. Therefore, inasmuch as the Court is constrained to follow, and apply the RPAPL's formulas, the petition is hereby DISMISSED.
IT IS SO ORDERED.
Dated: 15 May 2024
Piermont, NY
Marc R. Ruby
Village Justice

Footnotes

Footnote 1: While a petition verified by an attorney is sufficient to satisfy RPAPL § 741, the entry of a default final judgment, must be supported by a petition, or an affidavit, sworn to, on personal knowledge. Sella Properties v. Deleon, 25 Misc 3d 85 (App Term 2009); Brusco, at 681. Thereafter, a court shall render judgment for the petitioner, when two factual predicates are meet: 1) there is an affidavit of service for the notice and the petition; and, 2) the tenant has failed to timely respond. Brusco, at 679-680. Under RPAPL § 702, a landlord may not be awarded fees, charges, or penalties, in a non-payment proceeding notwithstanding any language to the contrary in the lease. See RPAPL § 702. But in all events, unless there is indicia of fraud, overreach, illegality, or unconscionability, courts should countenance and enforce stipulations between litigants. Martinez v. Jacobsen, 253 AD2d 521, 522 (2nd Dept 1998).
Footnote 2: Presumably a $150.00 late fee was assessed between the time the March 26, 2024 predicate notice was dispatched, and May 1, 2024, when the petition was filed.