## Melendez v Martuscello

### 2024 NY Slip Op 32475(U)

### July 22, 2024

### Supreme Court, New York County

### Docket Number: Index No. 450607/2024

### Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. LYLE E. FRANK                    PART                    11M

*Justice*

-----------------------------------------------------------------------X          INDEX NO.          450607/2024

FABIAN MELENDEZ

MOTION DATE     02/21/2024, 04/08/2024

Petitioner,

MOTION SEQ. NO.     001 002

- v -

DANIEL F. MARTUSCELLO,

**DECISION + ORDER ON MOTION**

Respondent.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12
were read on this motion to/for                    ARTICLE 78 (BODY OR OFFICER)                    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32
were read on this motion to/for                    DISMISS                    .

Upon the foregoing documents, the petition is denied, the motion to dismiss is granted and the cross motion is denied. The instant petition arises out of petitioner's allegation that respondents incorrectly calculated petitioner's earned time credit and now seeks a writ of mandamus compelling respondents to recalculate petitioner's earned time credit.

The parties agree that the sole substantive issue before the Court is whether petitioner's accrual of retroactive earned time credit should have commenced as of his adjusted maximum expiration date of April 22, 2019, rather than his release date of February 9, 2021.

*Background*

Petitioner Fabian Melendez is currently serving a period of post-release supervision under Kings County Indictment Number 5932/14. Petitioner contends that pursuant to the "Less Is More Act", Penal Law § 70.40(4), respondents incorrectly calculated earned time credit toward his post release supervision.

**450607/2024 Motion No. 001 002**                    **Page 1 of 4**

Petitioner was serving two consecutive 3-year sentences, when a stay was issued for his Staten Island sentence on February 5, 2021. Petitioner was subsequently released from prison on February 9, 2021, after a recalculation of the maximum expiration date of his prison term, under the remaining Kings County sentence, was determined to be April 22, 2019. Petitioner contends that even though he remained incarcerated he is entitled to the earned time credit from the date of the expiration of his prison term.

However, when the Act took effect on March 1, 2022, respondents awarded petitioner retroactive earned time credit for every 30-day period of post release supervision without a violation beginning on February 9, 2021-the date on which he was released from prison, through March 1, 2022.

Penal Law § 70.40(4)(a), (b), (c) states in pertinent part:

> "...Earned time credits. (a) Any person subject to community supervision shall be awarded earned time credits. The calculation of earned time credit periods shall begin on the releasee's first day of community supervision and shall be awarded after each completed thirty day period in compliance with the terms of their community supervision. Any such awarded earned time credits shall be applied against such person's unserved portion of the maximum term, aggregate maximum term or period of post-release supervision for any current sentence. Persons subject to a sentence with a maximum term of life imprisonment or lifetime supervision shall not be eligible to receive earned time credits under this section."
> (b) After a person has begun a period of community supervision pursuant to this section and section 70.45 of this article, such period of community supervision shall be reduced by thirty days for every thirty days that such person does not violate a condition of and remains in compliance with all conditions of his or her community supervision, provided, however, that the person is not subject to any sentence with a maximum term of life imprisonment or lifetime supervision. When a person is subject to more than one period of community supervision, the reduction authorized in this subject to more than one period of community supervision, the reduction authorized in this subdivision shall be applied to every

[* 2]

such period of parole or conditional release to which the person is subject."

(c) Retroactive earned time credits shall be awarded for eligible persons subject to community supervision at the time this legislation becomes effective, provided however, that the maximum allowable retroactive earned time credit awarded shall not exceed a period of two years. Retroactive earned time credits shall not be awarded to any releasee serving a term of reincarceration for a sustained parole violation at the time of the effective date of the chapter of laws of two thousand twenty-one that added this subdivision until the releasee is returned to community supervision. Persons subject to a sentence with a maximum term of life imprisonment or lifetime supervision shall not be eligible to receive retroactive earned time credits under this section."

Penal Law § 70.40(4)(a), (b), (c).

*Discussion*

An Article 78 petition may be brought to seek the remedy of mandamus, that is, to compel an agency "to perform a duty enjoined upon it by law" (CPLR 7803[1]). Mandamus applies only to compel a ministerial duty and not those that involve the exercise of judgment or discretion (*Brusco v Braun*, 84 NY2d 674, 679 [1994]). Thus, to be entitled to mandamus, petitioner must show "a clear legal right to the relief demanded" and "a corresponding nondiscretionary duty on the part of the agency to grant that relief" (*Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757 [1991]).

Here, the Court finds that a writ of mandamus is inappropriate in this proceeding. Preliminarily, the Court does not deem the relief sought to be a ministerial function of respondents as the petition is requesting that respondents exercise discretion in its calculation of petitioner's earned time credit, contrary to its assertions that the awarding of earned time credit is not discretionary.

[* 3]

Nonetheless, the Court agrees with respondents' interpretation and application of the Less is More Act to require that the individual seeking the credit be under community supervision and not incarcerated. Petitioner has not met its burden to establish, that under any interpretation of the Act, that an individual that is incarcerated and not under community supervision would be entitled to an accrual of earned time credit. The plain language of the Act does not support such a conclusion. The Court finds that the record is clear and that respondents' calculation of petitioner's earned time credit from the time he was released from custody to be rational and consistent with the law. Accordingly, it is hereby

ADJUDGED that the petition is dismissed.

20240722165624LFRANKF0300791AB02417A9548890C39056799

__7/22/2024__
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | **X** | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | **X** | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]